

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

December 8, 2010

**BY ECF**

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

      Re:  United States v. Christian Tarantino
           Criminal Docket No. 08-655 (JS)

Dear Judge Seybert:

      The government respectfully submits this letter in
response to the defendant's letter, dated November 29, 2010, in
which the defendant makes a number of discovery demands.

      First, the defendant demands written summaries of any
expert witness testimony that the government intends to use at
trial during its case-in-chief.  Within the next two weeks, we
will provide defense counsel with the names and résumés of the
expert witnesses we intend to call.  The government is in the
process of preparing the written summaries requested by the
defense and intends to provide the defense with the summaries by
the end of December.

      Second, the defense argues that it has "not been
granted access" to the mtDNA population database used by the FBI
forensic examiner in her analysis.  See Def. Letter, dated Nov.
29, 2010, at 2.  This database is publicly available at
http://www2.fbi.gov/hq/lab/fsc/backissu/april2002/miller1.htm.
The government is not aware of any photographs of the Q30 hair
recovered from the Blazer.

      Third, regarding the Gargiulo tape, the defense demands
the data supporting the analyses of the FBI forensics audio
examiner, as well as the chain of custody for the tape.  The
defense argues that it requires the supporting data to "assess or
challenge" the analyses of the government expert.  Pursuant to
Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, the
government provided the defendant with the report of examination

pertaining to the Gargiulo tape.  (Attached to the defendant's
Nov. 29, 2010 letter and bates-numbered 285).  Rule 16(a)(2)
provides that:

> Except as Rule 16(a)(1) provides otherwise, this
> rule does not authorize the discovery or inspection
> of reports, memoranda, or other internal government
> documents made by an attorney for the government or
> other   government   agent   in   connection   with
> investigating  or  prosecuting  the  case.   Nor  does
> this rule authorize the discovery or inspection of
> statements made by prospective government witnesses
> except as provided in 18 U.S.C. § 3500.

The government will provide the defendant with § 3500 material of
the FBI forensics audio examiner thirty (30) days prior to trial,
the deadline previously imposed by the Court for § 3500 material.

        Moreover, the government notes that on July 7, 2009,
Tarantino's former learned counsel, Mr. David Ruhnke, Esq., and
defense audio specialist, Paul Ginsberg, met with the FBI case
agent.  Mr. Ruhnke and Mr. Ginsberg inspected the original
Gargiulo tape, listened to the original recording and made a copy
of the original Gargiulo tape.  Thus, the defendant's own expert
has had an opportunity to inspect and analyze the Gargiulo
recording.

        Fourth, the defense requests that the government
provide the defense with unredacted copies of discovery that the
government previously provided with redactions.  The defense
argues that "[t]here is simply no reason why this information
should remain hidden at this stage of the proceedings."  Def.
Letter at 3.  However, the defense does not provide any legal
support for this proposition.  As discussed in more detail below,
the defendant is not entitled to the redacted information
pursuant to Rule 16 or Brady v. Maryland, 373 U.S. 83 (1963).  To
the extent that any of the redacted material constitutes a
witness's § 3500 material, the government will provide the
defendant with § 3500 material thirty (30) days prior to trial.
The government will discuss the various redacted documents below.

### Documents Bates-labeled 906 and 907

        The redacted information on these reports of
fingerprint analysis consists of case numbers and the names of
individuals - aside from Tarantino - whose fingerprints were
tested, with negative results.  Rule 16 does not entitle the
defendant to the thought-processes and investigative steps taken
by the government.

Documents Bates-labeled 932 and 938

        The redacted information on these reports of
examination consists of case numbers, laboratory numbers, the
analyst's telephone number and the FBI case agent's handwritten
notes.  The defense is not entitled to the redacted information.

Document Bates-labeled 952

        The redacted information on this report of fingerprint
analysis consists of case numbers and the name of an individual
the government expects to testify at trial.  The government will
provide the defense with an unredacted copy of this report at the
end of December, along with the § 3500 material.  The defense is
not entitled to the names of government witnesses at this time.

Documents Bates-labeled 269-284

        These telephone records were redacted to omit the notes
and analysis of government personnel.  As noted above, Rule 16
does not entitle the defendant to the thought-processes and
investigative steps taken by the government.

The Remaining Telephone Records

        The government believes, and is in the process of
verifying, that the other telephone records attached to the
defendant's November 29, 2010 letter were redacted by the
telephone company prior to production to the government.

The Search Warrant Documents

        The search warrant documents were redacted to protect
the identities of individuals who provided the Nassau County
Police Department and/or Nassau County District Attorney's Office
with information in connection with a stolen automobile ring
investigation.  The search warrant affidavits were provided to
the defense to permit the defendant an opportunity to move to
suppress the items found within the storage units.  The defendant
has not moved to suppress any of the evidence found in the
storage units, nor does he argue that the redacted information
has interfered with his ability to move to suppress.  Moreover,
it seems unlikely that the defendant would move to suppress, as
he would have to establish that he has standing to challenge the
legality of the search; that is, that he had a reasonable
expectation of privacy in the storage units.  See Rakas v.
Illinois, 439 U.S. 128, 143 (1978).

3

Documents Bates-labeled 909-915

These documents consist of New York City Police Department requests for laboratory analysis and firearms examination reports. The documents identify five firearms and reflect the results of testing conducted on those firearms. The redacted material consists of case numbers, names of defendants and/or suspects, serial numbers of the weapons, and location where the firearms were seized, including the precinct. The firearms at issue in these reports were not seized from Tarantino or any location in which the defendant might claim he has a reasonable expectation of privacy. Rule 16 does not require the government to disclose to the defense, in advance of trial, where the firearms were recovered or from whom they were recovered. The defense is not entitled to the search warrant affidavit for the location where four of the firearms were found, as the defendant has no standing to move to suppress those firearms.

The Government's November 4, 2010 Letter

On November 4, 2010, the government sent defense counsel a letter, which was filed under seal with the Court, advising defense counsel of information provided by a confidential source ("CS") regarding the murder of Louis Dorval. As noted in the government's letter, the CS reported that his information was based on what he heard from others, including while in custody. Moreover, defense counsel mischaracterizes the information in the government's letter, as the letter notes that the CS heard, among other things, that Tarantino participated with Dorval in the robbery of a check cashing business and that Tarantino was involved in the shooting of Dorval. Clearly, that information is not helpful to the defense.

The government has a qualified privilege to withhold the identity of an informant. See Roviaro v. United States, 353 U.S. 53, 59 (1957). In United States v. Fields, 113 F.3d 313 (2d Cir. 1997), the Second Circuit held that:

> The defendant bears the burden of showing the need for disclosure of an informant's identity and to do so must establish that, absent disclosure, he will be deprived of his right to a fair trial. If such is established, the government's privilege must give way. . . . Disclosure is a matter which lies within the sound discretion of the district court. Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden.

4

Id. at 324 (citations omitted); see also United States v. Long, 697 F. Supp. 651, 663 (S.D.N.Y. 1988) ("The general rule is that an informant's identity need not be disclosed absent a showing that such disclosure is 'essential to the defense.' . . . The burden is on the defendant to demonstrate the need for the extraordinary remedy of disclosure.") (quoting Scher v. United States, 305 U.S. 251, 254 (1938)).

         In United States v. Saa, 859 F.2d 1067 (2d Cir. 1988), the Second Circuit held that "disclosure of the identity or address of a confidential informant is not required unless the informant's identity is shown to be material to the defense . . . it is not sufficient to show that the informant was a participant in and witness to the crime charged." Id. at 1073.  A defendant is required to make "'a specific showing that disclosure is both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case.'" United States v. Leonard, 817 F. Supp. 286, 302 (E.D.N.Y. 1992) (quoting United States v. Bejasa, 904 F.2d 137, 140 (2d Cir. 1990)(emphasis in original), rev'd on other grounds, 50 F.3d 1152 (2d Cir. 1995); see also United States v. Zuluaga, 651 F. Supp. 746, 752 (E.D.N.Y. 1986) ("Defendant's argument amounts to 'mere speculation that identification might possibly be of some assistance. . . .  Disclosure should not be directed simply to permit a fishing expedition . . . or to gratify the moving party's curiosity or vengeance.') (quoting In re United States, 565 F.2d 19, 23 (2d Cir. 1977)).

         Because the defendant has not made a specific showing that the identity of the CS is material to the preparation of his defense and reasonable under the circumstances, the defendant's request for disclosure of the CS's identity should be denied.

<u>Conclusion</u>

         For all of the reasons discussed above, the government respectfully requests that the Court deny the defendant's November 29, 2010 discovery demands.

                              LORETTA E. LYNCH
                              United States Attorney

                    By:    _____/s/_____
                              Carrie N. Capwell
                              James M. Miskiewicz
                              Sean C. Flynn
                              Assistant U.S. Attorneys
                              (631) 715-7836/7841

cc:  Counsel of Record (By ECF)