UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

       -against-                 MEMORANDUM & ORDER
                                08-CR-655 (JS)

CHRISTIAN GEROLD TARANTINO,

              Defendant.
----------------------------------X
APPEARANCES:
For the Government: Carrie Nicole Capwell, Esq.
                      James M. Miskiewicz, Esq.
                      Sean C. Flynn, Esq.
                      United States Attorney's Office
                      560 Federal Plaza
                      Central Islip, NY 11722

For Defendant:      Diarmuid White, Esq.
                      White & White
                      148 East 78 Street
                      New York, NY 10021

                      James R. Froccaro, Esq.
                      20 Vanderventer Ave., Suite 103W
                      Port Washington, NY 11050

                      Michael Rosen, Esq.
                      Law Office of Michael Rosen
                      61 Broadway, Suite 1105
                      New York, NY 10006


SEYBERT, District Judge:

        Pending before the Court is the Defendant's request to close the upcoming Mastrangelo hearing to the press and public (Docket Entry 147).  The Government opposes this request.  For the following reasons, the Defendant's request is DENIED.

        "Trial courts are obligated to take every reasonable

measure to accommodate public attendance at criminal trials."
Presley v. Georgia, __ U.S. __, 130 S. Ct. 721, 725 (2010).
"The public has a right to be present whether or not any party
has asserted the right." Id. at 724. Although the public's
right of access is not absolute, the Defendant has not shown
that closure is warranted because he has not established a
substantial risk of prejudice or that reasonable alternatives to
closure are inadequate to safeguard his right to a fair trial.
See Press-Enterprise Co. v. Superior Court of California for
Riverside, 478 U.S. 1, 14, 106 S. Ct. 2735, 2743, 92 L. Ed. 2d 1
(1986); see also El Vocero de Puerto Rico (Caribbean Intern.
News Corp.) v. Puerto Rico, 508 U.S. 147, 151, 113 S. Ct. 2004,
2006, 124 L. Ed. 2d 60 (1993).

The Defendant speculates that public reports
concerning the Mastrangelo hearing will taint the jury pool by
airing the Government's most damaging evidence, much of which
will be previewed at the hearing. (Docket Entry 147 at 2-3.)
"[T]his risk of prejudice does not automatically justify
refusing public access to hearings . . . . The First Amendment
right of access cannot be overcome by the conclusory assertion
that publicity might deprive the defendant" of his right to a
fair trial. Id. at 15. The Defendant's concerns here are more
than conclusory, but the Court nevertheless finds they fall
short of showing a substantial risk of prejudice. Further, the

Defendant's right to a fair trial will be protected through <u>voir</u> <u>dire</u>, where the Court will screen, as appropriate, potential jurors with prior knowledge of this case. <u>Id.</u> ("Through voir dire, . . . a court can identify those jurors whose prior knowledge of the case would disable them from rendering an impartial verdict.").

Accordingly, the Defendant's request to bar the press and public from the upcoming <u>Mastrangelo</u> hearing is DENIED.


SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:      February _8_, 2011
            Central Islip, New York