```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

         -against-                    MEMORANDUM & ORDER
                                      08-CR-655 (JS)

CHRISTIAN GEROLD TARANTINO,

                  Defendant.
----------------------------------X
APPEARANCES:
For the Government: Carrie Nicole Capwell, Esq.
                    James M. Miskiewicz, Esq.
                    Sean C. Flynn, Esq.
                    United States Attorney's Office
                    560 Federal Plaza
                    Central Islip, NY 11722

For Defendant:      Diarmuid White, Esq.
                    White & White
                    148 East 78 Street
                    New York, NY 10021

                    James R. Froccaro, Esq.
                    20 Vanderventer Ave., Suite 103W
                    Port Washington, NY 11050

                    Michael Rosen, Esq.
                    Law Office of Michael Rosen
                    61 Broadway, Suite 1105
                    New York, NY 10006
```

SEYBERT, District Judge:

The Court has conducted an <u>in camera</u> review of the materials discussed below, and it hereby makes the following rulings.

I. <u>Psychiatric Records of Vincent Gargiulo</u>

The Court has reviewed Bellevue Hospital's psychiatric

health records of Vincent Gargiulo and finds that they must be disclosed to the Defendant. Although the Supreme Court has recognized a federal common law psychotherapist-patient privilege in civil cases, see Jaffee v. Redmond, 518 U.S. 1 (1996), courts disagree whether and to what extent this privilege extends to federal criminal prosecutions. Compare United States v. Shrader, 716 F. Supp. 2d 464 (S.D. W. Va. 2010) and United States v. Doyle, 1 F. Supp. 2d 1187 (D. Or. 1998) (quashing subpoena for rape victim's counseling records) with United States v. Mazzola, 217 F.R.D. 84 (D. Mass. 2003) and United States v. Hansen, 955 F. Supp. 1225 (D. Mont. 1997).

Here, the Court finds that whatever privilege applies must yield to the Defendant's effort to obtain information helpful to his defense, particularly where the subject of the psychiatric records is deceased and where his credibility is likely to be an issue. See Hansen, 955 F. Supp. at 1226; see also In re Doe, 964 F.2d 1325 (2d Cir. 1992). The Court does not reach whether any particular document will be admissible; the Court will consider the admissibility issues at trial, and it will re-visit privilege considerations as appropriate.

II. Pistone Materials

The Court has also reviewed the Government's responses to its January 3, 2011 Sealed Order (the "January 3 Order").

The Government is hereby ordered to produce to the

2

Defendant (1) paragraphs 5, 6, and 7 on page four of Peter Pistone's pre-sentence report; (2) the names of individuals who supplied information for Peter Pistone's pre-sentence report; and (3) the Information to which Peter Pistone pled guilty. This decision is based on the Court's view that the cited paragraphs tend to exculpate the Defendant of the Dorval murder. See United States v. Rivas, 377 F.3d 195, 199 (2d Cir. 2004) (citing Brady v. Maryland, 373 U.S. 83 (1963)).

The Court defers ruling on whether the Government must produce (1) its September 19, 2002 letter to Judge Spatt concerning Peter Pistone; and (2) Peter Pistone's sentencing transcript; and (3) Joseph Pistone's plea agreement. The Court also defers ruling on the Defendant's request to unseal the Court's entire file in United States v. Peter Pistone. The Court will revisit these issues with the parties at Monday's Mastrangelo hearing.

The Defendant specifically requested Peter Pistone's sentencing submission. The Government has represented that its file does not contain such a submission.

III. Fatato Family Court Records

The Court has also reviewed certain family court records concerning Gaetano Fatato. These records are irrelevant to this case and will not be disclosed to the Defendant.

3

CONCLUSION

In accordance with the foregoing discussion, the Court will produce the Gargiulo psychiatric records to both parties at Monday's hearing. Also at Monday's hearing, the Government shall produce (1) paragraphs 5, 6, and 7 on page four of Peter Pistone's pre-sentence report; (2) the names of individuals who supplied information for Peter Pistone's pre-sentence report; and (3) the Information to which Peter Pistone pled guilty. The Fatato family court records will not be disclosed.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   February  11 , 2011
         Central Islip, New York