```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

          -against-                    MEMORANDUM & ORDER
                                       08-CR-655 (JS)

CHRISTIAN GEROLD TARANTINO,

               Defendant.
----------------------------------X
APPEARANCES:
For the Government: James M. Miskiewicz, Esq.
                    Carrie Nicole Capwell, Esq.
                    Sean C. Flynn, Esq.
                    United States Attorney's Office
                    560 Federal Plaza
                    Central Islip, NY 11722

For Defendant:      Diarmuid White, Esq.
                    White & White
                    148 East 78 Street
                    New York, NY 10021

                    James R. Froccaro, Esq.
                    20 Vanderventer Ave., Suite 103W
                    Port Washington, NY 11050

                    Michael Rosen, Esq.
                    Law Office of Michael Rosen
                    61 Broadway, Suite 1105
                    New York, NY 10006
```

SEYBERT, District Judge:

Pending before the Court is the Government's March 22, 2011 on-the-record request that the Court issue a preliminary ruling on the authenticity of a tape recording (the "Gargiulo Tape") that the Government contends is a secretly-recorded conversation between the Defendant Christian Tarantino and

Vincent Gargiulo, one of Tarantino's alleged victims. The Defendant has so far declined the Court's invitation to submit evidence on authenticity from its audiotape expert, and thus the Court wholly relies on the evidence introduced at the recent Mastrangelo hearing.

Subject to its introduction of evidence during trial concerning the integrity of the micro-cassette and the identity of the speakers, the Government may reference the Gargiulo Tape in its opening statement. The Court finds that, based on the testimony at the Mastrangelo hearing, there is clear and convincing evidence that the tape is an authentic recording of the Defendant. As the Court explained in its Mastrangelo decision, the evidence supporting this view includes that (1) Gargiulo told both FBI Special Agent Robert Schelhorn and Robert Geratto, Gargiulo's best friend, that he had secretly taped Tarantino discussing the armored car robbery; (2) Gargiulo's brother William, who at one point shared a house with Tarantino, identified both Gargiulo's and Tarantino's voices on the tape; (3) Tarantino identifies himself on the tape as "I, Chris Tarantino,"; (4) the Government's audiotape expert concluded that the relevant portion of the micro-cassette was original, continuous and unaltered; and (5) a number of references in the conversation correspond to things or events in the Tarantino's life, including (a) Agent Schelhorn's visit to collect

Tarantino's DNA sample; (b) Tarantino's wife's pregnancy; and (c) Tarantino's lawyer, Mel Roth. See March 4, 2011 Sealed Order at 23-24.

The Defendant has argued that the gap between Gargiulo's murder and the Gargiulo Tape's showing up at the police precinct renders the recording too unreliable to be admitted. The Court recognizes that this is not the classic situation where the chain of custody begins with an FBI agent's lead-in to a consensual body recording, but any flaws in the chain of custody affect the weight to be afforded the Gargiulo Tape, not its admissibility. See United States v. Morrison, 153 F.3d 34, 57 (2d Cir. 1998).

This ruling does not relieve the Government of its burden to demonstrate authenticity at trial by clear and convincing evidence. See Morrison, 153 F.3d at 56; United States v. Ruggiero, 928 F.2d 1289, 1303 (2d Cir. 1991). And, of course, it does not prevent the Defendant from arguing authenticity to the jury.

           SO ORDERED.

           /s/ JOANNA SEYBERT_____
           Joanna Seybert, U.S.D.J.

Dated:  March __24__, 2011
     Central Islip, New York