FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★    MAY 23 2011    ★

COURT EXHIBIT

21

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

CHRISTIAN GEROLD TARANTINO,

       Defendant.

- - - - - - - - - - - - - - - - - -X

VERDICT FORM

Cr. No. 08-655 (JS)


**COUNT ONE**
(Murder of Julius Baumgardt)

How do you find the defendant as to Count One?

Guilty __X__    Not Guilty _____


**COUNT TWO**
(Murder of Louis Dorval)

How do you find the defendant as to Count Two?

Guilty __X__    Not Guilty _____


**COUNT THREE**
(Conspiracy to Murder Vincent Gargiulo)

How do you find the defendant as to Count Three?

Guilty _____    Not Guilty _____

**COUNT FOUR**
(Murder of Vincent Gargiulo)

How do you find the defendant as to Count Four?

Guilty _____   Not Guilty _____


Dated: Central Islip, New York
     May 23, 2011


Jury Foreperson

2

Judge

**COURT EXHIBIT**
20    5/23    2³⁰

We Have Reached A Partial Verdict And
Further Deliberation Will Not Change Anything.

Juror 10 (305)

Judge

**COURT EXHIBIT**

19

We Just Wanna Confirm That We're Not
Coming In Tomorrow. Several Juror Have
Obligations They Can't Get Out Of.

Juror 10 (305)

Judge

**COURT EXHIBIT**
5/18
18  2⁵⁵

May We Have A Copy Of The Charges You Just Read In The Courtroom? We Don't Need Them Re-Read, We Just A Copy In Here With Us.

Juror 10(305)

COURT EXHIBIT
18A
5/18

Jurors will be asked if that is their verdict on Counts for which there is a unanimous verdict.

Jurors will not be asked about Counts for which the jury has not been able to render a unanimous verdict.

As I told you in my original instructions, this case is an important one to the government. It is equally important to the defendant. It is desirable if a verdict can be reached, but your verdict must reflect the conscientious judgment of each juror, and under no circumstance must any juror yield his conscientious judgment. You have deliberated only 8 days in a case that took more than five weeks to try.

It is normal for jurors to have differences; this is quite common. Frequently, jurors, after extended discussions, may find that a point of view which originally represented a fair and considered judgment might well yield upon the basis of argument and upon the facts and the evidence. However, and I emphasize this, no juror must vote for any verdict unless after full discussion and consideration of the issues and exchange of views, it does represent his or her considered judgment.

Further consideration may indicate that a change in original attitude is fully justified upon the law and all of the facts. I do want to read to you a statement which is contained in a Supreme Court opinion which is well-known to the bench and bar, and it is this:

That although a verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with a proper regard

and deference to the opinions of each other; that is
with their duty to decide the case if they could
conscientiously do so; that they should listen, with a
disposition to be convinced, to each other's arguments;
that if the much larger number were for a conviction, a
dissenting juror should consider whether his doubt was
a reasonable one which made no impression on the minds
of so many men, equally honest, equally intelligent
with himself. If upon the other hand the majority was
for acquittal, the minority ought to ask themselves
whether they might not reasonably doubt the correctness
of a judgment which was not concurred in by the
majority.

I do not mean to suggest that a position is necessarily
correct merely because a greater number of jurors agree
with it. Those in the majority should also consider all
reasonable arguments and opinions of those in the
minority.

You are reminded also that the prosecution bears the
burden of proving each element of the offense beyond a
reasonable doubt.

Do not ever change your mind just because the other
jurors see things differently, or just to get the case
over with. As I told you before, in the end, your vote
must be exactly that--your vote. As important as it is
for you to reach unanimous agreement, it is just as
important that you do so honestly and in good
conscience. What I have just said is not meant to rush
or pressure you into agreeing on a verdict. Take as
much time as you need to discuss things. There is no
hurry.

As to the Counts that you have been unable to reach a unanimous verdict, I request that you continue your deliberations, and if you are unable to reach a verdict on those counts then the Court will accept a partial verdict on the Counts that you have reached a unanimous verdict on.

Judge

**COURT EXHIBIT**
5/18
17  /35

Will We Be Asked About Counts That We're
Deadlocked On If We Have Reached A Verdict
On Others?

Juror 10 (305)

Judge

**COURT EXHIBIT**

16   5/17
     2³⁰

We Have Counts That We're Unanimous On
And Counts That We're Deadlocked On.
How Should We Proceed?

Juror 10 (305)

Judge,

May We See The Following Exhibit:

DIx 1 - SUFFOLK COUNTY DEED- PURCHASE OF
DIx HILLS HOUSE

**COURT EXHIBIT**
15    5/16
      4⁰⁰

JUROR 10 (3 05)

Judge,

**COURT EXHIBIT**
5/16
14   11¹⁵

May We Receive The Following Pieces Of Evidence
& Hear The Following Testimonies:

STP-8 → STIPULATION RE: PHONE RECORDS
RS6 → CHUCKY LETTER TO SCHELHORN

Defendants M → NYPD COMPLAINT FILED BY GARGIULO

TESTIMONIES:
RS5 → VOICE MESSAGE FROM GARGIULO TO
      SCHELHORN

JEFF SALTA → WHOLE TESTIMONY

PABLO AMADOR → DIRECT / RE-DIRECT

JUROR 10 (305)

Judge

**COURT EXHIBIT**
13   5/12
3 10

May We Have The Following Exhibits:

VZ3- (212) 647- 8484

VZ5- (516) 771- 1717

Juror 10 (305)

Judge,

**COURT EXHIBIT**
12    5/11
4:30

We Would Like To Hear The Following
Testimonies In The Following Order:

Government Witness:
Robert Schelhorn (Whole Testimony)

Defendant Witness:
Robert Schelhorn (Whole Testimony)

Juror 10 (305)

Judge

**COURT EXHIBIT**
5/11
11    3°°

May We Receive Exhibits PA 13, News
Article?

Juror 10 (305)

Judge

COURT EXHIBIT
10    5/11
      2⁵⁰

May We Have The Following ~~Exhibits~~
Exhibits?

VW2 - (917) 509- 9375
VW1 - (516) 316 - 1198
AT1 - (917) 445 - 2141
AT2 - (917) 860 - 6210
SN1 - (646) 739 - 3560
VZ1 - (212) 529 - 1837

Juror 10 (305)

Judge,

**COURT EXHIBIT**
9  5/11
2¹⁵

On Page 62, The Third Element States
That The Defendant Conspired To Kill
Vincent Gargiulo, While Page 69 States
That The Government Without naming The
Defendant must prove that the conspiracy
~~does~~ to Kill Vincent Gargiulo.....
Please Clarify

Juror 10 (305)

Judge,

As Far As The Elements Go For Each Of The Four Counts, Do The Jurors Have To Unanimously Agree On Each & Every Element? If Not Please Explain

**COURT EXHIBIT**
8    5/10
2:05

Juror 10 (305)

Judges

As Far As The Elements Go For Each
Of The Four Counts, Do The Jurors Have
To Unanimously Agree On Each & Every
Element? If Not Please Explain

**COURT EXHIBIT**

8    5/10
     2:05

**COURT EXHIBIT**

8A

Juror 10 (305)

Yes

USDJ   JEDNY

COURT EXHIBIT

7    5/10
     10 30

Judge,

We Would Like To Hear The
Enhanced Version Of The Designated Area Of The
Gargiulo Recordings. We Would Also Like The
Transcripts As Well.

Juror 10 (305)

COURT EXHIBIT

6  51⁹ 1³⁰

Judge,
        We Would Like To Hear The Enhanced Version of Designated Area Of The Gargiulo Recording At The Parts Pertaining To The Trunk, Skin, Finger.

        Also, We Would Like To Hear Gaetano Fatato's Testimony Related To His Last Conversation With Dorval.

        Also We Would Like To Hold Off On Gerrato's Testimony Till After We Hear The Above Requests

Juror 10 (305)

COURT EXHIBIT
5   5/9
    11 25

Charles

Can, We Receive The Following Pieces
Of Evidence?

P-2 - Pistone Letter to ADA Mary Ruddy
P-5 - Pistone Sentencing Letter

Juror 10 (305)

**COURT EXHIBIT**

4  5/6
   430

Juror 10 (305)

Charles,

Here's The Schedule For Monday

A) We Would Like To Hear The Following Testimonies
& Break To Deliberate:
1) Scot Rosenburg (Whole Testimony)
2) ANASTASIOS (THOMAS) BELESIS (Reference To Critocus)

B) After Deliberation, We Would Also Like To Hear The
Following And Break To Deliberate:
1) TIFFANY FURY (Whole Testimony)
2) Peter Pistone (Direct Testimony)

C) After Deliberation, We Would Like To Hear The
Following Testimony:
1) Robert Gerrato (Whole Testimony)

• After Each Deliberation, We Will Let The Court Know
When We're Ready To Hear The Next Testimony.

D) Also We Request The Following Evidence:
Defense Exhibit J - Pistone Cooperation Agreement
              K - Pistone Cooperation Addendum

COURT EXHIBIT
3    5/5
4 25

Charles

We Need The Following,

Scott Flynn (Whole Testimony)        Jeff Salta
(Whole Testimony)

William Gargiulo (Whole Testimony)

Melvyn Roth (Whole Testimony)

Pablo Amador (Reference to Synergy, Mattie Roth, Boss Or
Owner Of Synergy Gym)

☆☆ TDC 1 - Entire Gargiulo Recording ☆☆
KM5 - Enhanced CD with Initials
→ We Want to hear entire recording from beginning to end
The version that we heard throughout trial. We would
prefer to hear the recording first thing in the morning.

Also, Can we receive the testimonies, in written ~~form~~
form to be read in the jury room.

Juror #10 (305)

COURT EXHIBIT
2   3:40

Charles

Do We See Copies Of

Transcripts Or They Are

Read To Us?

Foreman,

Juror 305

COURT EXHIBIT
5/5
3:20

Juror 305

Exhibits -

AS8 - Summary Phone Records

PA7 - Map

PA7B - Blow-Up of PA7

PA7C - Small Map w/ Icons

Transcripts -