

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMM:SCF
F.#2003R02020

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

January 12, 2012

**By Hand and ECF**

The Honorable Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Christian Tarantino
     Criminal Docket No. 08-655 (JS)

Dear Judge Seybert:

   The government respectfully submits this letter in connection with the upcoming trial in this case, which is scheduled to begin on April 9, 2012. By way of this filing the government respectfully requests that the court authorize the issuance of a subpoena, pursuant to Federal Rule of Criminal Procedure 17(c), ordering a custodian of records from the Nassau County University Medical Center to produce certain documents reflecting medical treatment that was rendered to the defendant in August and September 1994, after he was injured in the process of disposing of Louis Dorval's body in the Atlantic Ocean. A copy of the government's proposed subpoena is attached hereto at **Exhibit A**.

I. **The Materials Sought by the Government are Relevant, Admissible and Specifically Identified.**

   Rule 17 requires that materials sought by way of a criminal subpoena be (1) relevant, (2) admissible and (3) specifically identified. See United States v. Nixon, 418 U.S. 683, 699-700 (1974). The records sought by the government easily satisfy each of these requirements.

   The upcoming trial in this matter will address the defendant's obstruction of justice murder of Vincent Gargiulo, in August 2003, in violation of 18 U.S.C. § 1512. The defendant killed Gargiulo in order to prevent him from testifying about, or

providing evidence concerning, the defendant's previous murders in 1994 of Julius Baumgardt and Louis Dorval, respectively. Although the defendant was convicted of those prior homicides after a six-week trial before Your honor, which concluded on May 23, 2011, during the upcoming trial the government will again prove the defendant's involvement in the Baumgardt and Dorval killings in order to satisfy its burden of proof under the relevant criminal statute. See, e.g., United States v. Bradwell, 388 F.2d 619, 621 (2d Cir. 1968) (holding that in cases charging obstruction of justice, the government is entitled to present detailed evidence concerning the defendant's underlying crimes so that the jury "may assess [both] the intensity of [the defendant's] motive [to obstruct justice]" and the "extent of [his] involvement in [the underlying] offenses"); United States v. Willoughby, 860 F.2d 15, 24 (2d Cir. 1988) (holding that when an individual is "charged with obstruction of justice with respect to a given crime, evidence of the underlying crime and the defendant's part in it is admissible to show the motive for his efforts to interfere with the judicial processes"); United States v. Knohl, 379 F.2d 427, 438-439 (2d Cir. 1967) (finding that evidence of other wrongful acts was relevant to establish knowledge and motive to tamper with witness).

Louis Dorval's body was found floating in the Atlantic Ocean off the coast of Long Island on or about August 16, 1994. Dorval's body was found inside a large, black "Tuff-Bin" toolbox. Witness testimony elicited during the prior trial of the defendant demonstrated that Dorval was killed two or three days before his body was discovered. At the upcoming trial, Scott Mulligan, the defendant's longtime friend and criminal associate, will testify pursuant to a cooperation agreement with the government.[1] Among other matters, Mulligan will testify that after the defendant killed Dorval in August 1994, Mulligan assisted Tarantino in dumping Dorval's body (and the toolbox in which it was contained) from the deck of a boat located some miles off the coast. Mulligan will also testify that during the disposal of Dorval's body, Mulligan and Tarantino filled the toolbox with a number of large pieces of rock and asphalt. Mulligan will testify that during this process he accidentally dropped a large rock onto Tarantino's hand, cutting and severely injuring his thumb.

Mulligan will also testify that after he and Tarantino completed the disposal of Dorval's body, and after Mulligan

---

[1] On January 3, 2012, Scott Mulligan pled guilty before Your honor to participating in the June 23, 1994 murder of Julius Baumgardt, for which the defendant has also been convicted, in violation of 18 U.S.C. §§ 33, 34 and 2.

navigated the boat back to Long Island, Tarantino sought medical treatment for his injuries at the Nassau County University Medical Center in East Meadow, New York.

Mulligan's testimony concerning the injuries Tarantino sustained while disposing of Dorval's body is corroborated by certain statements Tarantino later made to Vincent Gargiulo, which were captured on the recording Gargiulo made in September 2000:

| | |
|---|---|
| Gargiulo: | What about, remember the trunk and your finger?  You told me something, you squished your finger? |
| Tarantino: | Yeah [UI]. |
| Gargiulo: | There was no skin on that right? |
| Tarantino: | . . . I was in the middle of the fuckin' Atlantic Ocean, the body was found floating two days later or better.  There was one piece of skin on a fuckin' rock, can't believe it's been floating in the ocean. |
| Gargiulo: | Yeah, no way. |
| Tarantino: | No fucking way. |
| Gargiulo: | Fish would eat it and stuff. |
| Tarantino: | The bottom line, it would just float away, you know what I mean?  It wouldn't stay jammed on a rock.  If it was here yeah, but in the water – saltwater for fuckin' two days – no fuckin' way. |

The Nassau County University Medical Center has confirmed that it maintains records for the treatment of patients at its facilities in 1994, and earlier.  By way of the attached subpoena, the government seeks the production of a "specifically identified" set of treatment records concerning the defendant, during a discrete range of dates surrounding the defendant's murder of Dorval.[2]  These records are relevant to the defendant's participation in the murder of Louis Dorval, and are admissible through the live testimony of a records custodian, as business

---

[2] The subpoena seeks medical and other records relating to "Christian Tarantino" and/or two of the defendant's known aliases "Christian Guy" and "Christian Goss."

records, pursuant to Federal Rule of Evidence 803(6). The subpoena directs that all responsive records be produced in advance of trial, and that such records be produced directly to the Clerk of the Court, from which the respective parties may obtain their copies.

II. **Conclusion**

For the foregoing reasons, the government respectfully requests that the Court order the issuance of the attached subpoena commanding the production of the requested records.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By:   /s/ Sean C. Flynn
     Sean C. Flynn
     James M. Miskiewicz
     Assistant U.S. Attorneys
     (631) 715-7000

cc: Counsel of Record (By ECF)

# EXHIBIT A

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

JMM:SCF
F# 2003R02020

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No.  08 CR 655 (JS) |
| Christian Gerold Tarantino | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Custodian of Records
Nassau County University Medical Center
2201 Hempstead Turnpike
East Meadow, New York  11554
(Fax)- (516) 572-0160

**YOU ARE COMMANDED** to appear in the United States District Court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | 100 Federal Plaza | Courtroom No.: | 1030 |
|---|---|---|---|
| | Central Islip, New York 11722 | Date and Time: | January 27, 2012 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

All medical, intake, or attendance records in the care, custody or control of Nassau County University Medical Center, which evidence or reflect the presence, treatment of, or emergency room services rendered to a "Christian Tarantino," Christian Guy," or "Christian Goss," between August 8, 1994 and September 30, 1994.

Live testimony of a records custodian will be required at the above date and time. You are required to submit responsive records to the Clerk's Office at 100 Federal Plaza, Central Islip, New York.

SO ORDERED:_____
HONORABLE JOANNA SEYBERT
U.S. Dist. Court Judge, Eastern Dist. of New York

Date:  January 12, 2012

*DOUGLAS C. PALMER*
*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* <u>United States of America</u>
_____ , who requests this subpoena, are:

Sean C. Flynn
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
(631) 715-7837

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.  08 CR 655 (JS)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                            *Server's signature*

                                         _____
                                            *Printed name and title*


                                         _____
                                            *Server's address*

Additional information regarding attempted service, etc: