LAW OFFICES OF
STEPHEN H. ROSEN, P.A.
100 ALMERIA AVENUE, SUITE 205
CORAL GABLES, FLORIDA 33134

STEPHEN H. ROSEN, ESQUIRE                                             TELEPHONE: (305) 448-9900
EMAIL: attnyrosen@aol.com                                             FAX: (305) 448-9337

February 22, 2012

**BY ECF**

The Honorable Joanna Seybert
U.S. District Court
P.O. Box 9014
Central Islip, New York 11722-9014

        Re:    *U.S. v. Christian Gerold Tarantino*
                 Case No. 08-CR-655(JS)

Dear Judge Seybert:

This is the defendant's pre-hearing brief. See DE 235. The defendant intends to call three witnesses at the hearing, Kenneth Marr, Thomas Owen, and Norman Dotti.

Marr was the government's audio expert at the defendant's first trial. The defense has not had the opportunity to speak with Marr about the pending issue. The defense intends to question Marr about his written report and the discontinuity found by the defendant's experts.

Owen and Dotti will testify that the so-called "designated area" of the tape in question has been edited, is not continuous, and is not authentic. Both Dotti and Owen identify clear breaks in the designated area and specifically identify an interrupting voice. Owen will opine that the tape is not a true and accurate recording of the events as they occurred. Dotti will opine that there is a clear break in the sound on the tape and a discontinuity which lasts about 18 seconds on the original tape, but there is no way of knowing how long the discontinuity lasted in real time. Both Owen and Dotti have reviewed Marr's report and both will testify that Marr's report reflects the tape's deficiencies. Thus, it is the defendant's position that there was an "overrecord/discontinuity" in the designated area tape when Marr did his analysis.

Under well-settled axioms governing a party's introduction of evidence, the government, as proponent of the tape, bears the burden of demonstrating its admissibility. *See United States v.*

*Bonanzi*, 94 F.2d 570 (2d Cir. 1938) (noting that "[t]he question of admissibility is one for the court to decide in advance of the reception of the evidence, and the burden is on the party offering the evidence). The defense anticipates taht the government will not be able to meet its burden in view of the aforementioned anticipated testimony. Regardless of burden, based upon the expert opinions in the possession of the defense, the tape is inadmissible pursuant to the authorities cited in the defendant's letter request to exclude the tape. (DE 306).

                         Respectfully submitted,

                         S/STEPHEN H. ROSEN

SHR/mr