SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

*Index No.*

LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,

*Plaintiff*

*against*

BODY SCULPT, INC.,

*Defendant*

**RESTRAINING NOTICE
TO JUDGMENT DEBTOR**

## The People of the State of New York

TO    Body Sculpt, Inc.                    *judgment debtor*        GREETING:

WHEREAS, *in an action in the* Supreme *court of* the State of New York
*county of* New York *between* Life Fitness, a Division of
Brunswick Corporation,                                          *as plaintiff*    *and*

Body Sculpt, Inc.,                          *as defendant*
*who are all the parties named in said action, a judgment was entered on* August 4, 2000   *in favor of*
Life Fitness, a Division of                  *judgment creditor*        *and against*
Brunswick Corportion,
Body Sculpt, Inc,                                              *judgment debtor*
*in the amount of $* 25,680.52   *of which $* 25,680.52   *together with interest thereon*
*from* May 28, 1999                *remains due and unpaid;*

TAKE NOTICE *that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.*

### CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE *that disobedience of this Restraining Notice is punishable as a contempt of court.*

*Dated:* August 4, 2000        The name signed must be printed beneath

*Demetra Sophocleous*

Demetra Sophocleous, Esq.

Law Office of Edward Weissman

*Attorney(s) for Judgment Creditor:*
*Office and Post Office Address:*        805 Third Avenue, 7th Floor
New York, NY   10022

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

## AFFIDAVIT OF SERVICE

Demetra Sophocleous, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Brooklyn, New York.

On August 4, 2000 deponent served the within NOTICE TO JUDGMENT DEBTOR and RESTRAINING NOTICE TO JUDGMENT DEBTOR upon:

Body Sculpt, Inc.
300 West 40th Street
New York, New York 10018

by depositing a copy of same, enclosed in a post-paid wrapper, properly addressed, without indicating any return address, and marked "personal and confidential", in an official depository located in the State of New York, County of New York under the exclusive care and custody of the United States Post Office Department.

Demetra Sophocleous

Sworn to before me this 4th day of August, 2000.

Notary Public

EDWARD WEISSMAN
NOTARY PUBLIC, State of New York
No. 31-4806821
Qualified in New York County
Commission Expires May 31, 20__

Index No.                          Year 20    026239/2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,

                              Plaintiff,

                    -against-

BODY SCULPT, INC.,

                              Defendant

NOTICE TO JUDGMENT DEBTOR and RESTRAINING NOTICE TO JUDGMENT
DEBTOR

LAW OFFICES OF EDWARD WEISSMAN

        Attorneys for
            Plaintiff

                    805 THIRD AVENUE
                    SEVENTH FLOOR
                    NEW YORK, NEW YORK 10022
                    (212) 350-2970

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the
annexed document are not frivolous.

Dated:.......................................                Signature:.......................................

                                                            Print Signer's Name.......................................

Service of a copy of the within                                                          is hereby admitted

Dated:

                                        Attorney(s) for

PLEASE TAKE NOTICE

☐        that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within named Court on                    20
ENTRY

☐        that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF   Hon.                                        one of the judges of the within named Court,
SETTLEMENT  at
            on                           20        at                    M.

Dated:

                                        LAW OFFICES OF EDWARD WEISSMAN

                Attorneys for

                                        805 THIRD AVENUE
                                        SEVENTH FLOOR
                                        NEW YORK, NEW YORK 10022

To:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
LIFE FITNESS, a Division of              : Index No. 602639/99
BRUNSWICK CORPORATION,
                                         :
                    Plaintiff,
                                         :   JUDGMENT
            -against-
                                         :
BODY SCULPT, INC.,
                                         :
                    Defendant.
----------------------------------------X

        This action, having been commenced by plaintiff Life Fitness, a Division of Brunswick Corporation against defendant Body Sculpt, Inc., by the filing of a Summons and Complaint, on May 28, 1999, and the Summons and Complaint having thereafter been served upon the defendant on June 1, 1999, and the parties having thereafter entered into a Stipulation of Settlement on July 22, 1999,

        NOW, upon the annexed Affidavit of Edward Weissman, duly sworn to August 3, 2000, and the exhibits annexed thereto, attesting to the default by the defendant in making the payment to Life Fitness, as required under the Stipulation of Settlement; it is

        ADJUDGED that plaintiff Life Fitness, a Division of Brunswick Corporation, maintaining offices at 10601 W. Belmont Avenue, Franklin Park, Illinois 60131, shall have judgment against defendant Body Sculpt, Inc., maintaining offices at 300 West 40th Street, New York, New York 10018, in the principal sum of $23,198.04 with interest thereon at the rate of 9% per annum from

May 28, 1999, in the amount of $2,482.48, for the total amount of $25,680.52; and

          Plaintiff shall have execution thereon.

Dated:    New York, New York
         August 4, 2000

                                 _____
                                 CLERK

FILED

AUG 4 - 2000

COUNTY CLERK'S OFFICE
NEW YORK

G:\Sophocleous\Lifefitness.Judgment.wpd

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
LIFE FITNESS, a Division of            : Index No. 602639/99
BRUNSWICK CORPORATION,
                                       :
                    Plaintiff,         :     <u>AFFIDAVIT</u>
                                       :
          -against-
                                       :
BODY SCULPT, INC.,
                                       :
                    Defendant.
------------------------------------------X

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )


          EDWARD WEISSMAN, being duly sworn, deposes and says:

          1.    I am an attorney duly admitted to practice in the
Courts of the State of New York, and I am counsel for the plaintiff
Life Fitness, a Division of Brunswick Corporation ("Life
Fitness")in the instant action.  I submit this Affidavit in support
of the instant application by Life Fitness for the entry of a money
judgment against defendant Body Sculpt, Inc., pursuant to the terms
of a Stipulation of Settlement, dated July 22, 1999, under which
the defendant is in default.

          2.    Annexed hereto as Exhibit "A" is a copy of the
Stipulation of Settlement executed by the parties on July 22, 1999.
Pursuant to the terms of the Stipulation of Settlement, the
defendant was required to pay to Life Fitness the sum of $20,000.00
to be made in monthly installments; $300.00 a month, for three (3)
consecutive months, and then $400.00 per month until the total sum
of $20,000.00 was paid to Life Fitness.  Such obligation  arose out

of a default under an Equipment Lease executed by defendant Body Sculpt, Inc. on July 3, 1997.

3.      Pursuant to the Stipulation of Settlement, the defendant has paid to Life Fitness the total sum of $3,300.00, as a result of the monthly installments paid on July, 1999 through and including January, 2000.  Defendant failed to make payment to Life Fitness in the month of April, 2000 and every month thereafter. Therefore, the defendant is in default under the terms of the Stipulation of Settlement.

4.      Pursuant to paragraph "3" of the Stipulation of Settlement, upon defendant's failure to make timely payment to Life Fitness due on April 15, 2000, a default notice was sent to the defendant's last known business address on April 28, 2000, and a courtesy copy was also forwarded to the defendant's advisor, Bernie Alpert, c/o Solomon Financial.  A copy of the default notice is annexed hereto as Exhibit "B".

5.      Pursuant to paragraph "3" of the Stipulation of Settlement, in the event such default persisted, notwithstanding the issuance of the written notice of default, then Life Fitness shall be entitled to enter default against the defendant, for the total indebtedness owing, to wit, $26,498.04 with interest thereon at the rate of 9% per annum from May 28, 1999, giving credit to defendant for any payments made by the defendant under the terms of the Stipulation of Settlement.

2

6.    Defendant has made nine (9) payments to Life Fitness pursuant to the Stipulation of Settlement in the total amount of $3,300.00; three (3) payments of $300.00 in the months of July 1999 through and including September 1999 and six (6) payments of $400.00 in the months of October 1999 through and including March 2000.    Thus, pursuant to the Stipulation of Settlement defendant is entitled to a credit in the total amount of $3,300.00.

7.    Pursuant to paragraph "3" of the Stipulation of Settlement, an Affidavit by Life Fitness or counsel for Life Fitness attesting to such default by the defendant, the failure of the defendant to cure such default, and the amount due and owing to Life Fitness would be sufficient for the Judgment Clerk of this Court to immediately enter judgment in favor of Life Fitness, and against the defendant, in accordance with the terms of the Stipulation of Settlement.    As counsel for Life Fitness, I am attesting to the fact that defendant has defaulted under the terms of the Stipulation of Settlement, defendant has failed to cure its default, and as a result Life Fitness is due and owing by the defendant the amount of $26,498.04 less a credit of $3,300.00 for payments received by defendant.    The total amount due and owing to Life Fitness by the defendant is  $23,198.04, with 9% interest per annum from May 28, 1999, in the amount of $2,482.48 (Bill of costs is waived), for the total amount of $25,680.52.

3



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,                    : Index No. 602639/99
                          Plaintiff,
                                          : <u>AFFIRMATION</u>
              -against-
                                          :

BODY SCULPT, INC.,                        :

                          Defendant.      :
----------------------------------------X

        DEMETRA SOPHOCLEOUS, being duly admitted to practice

before the courts of this State, affirms the following is

true under the penalties of perjury:

        1.   I am an associate in the Law Offices of Edward

Weissman, counsel for plaintiff Life Fitness, a Division of

Brunswick Corporation ("Life Fitness"), in the above-

captioned action.  I am fully familiar with all of the facts

and circumstances hereinafter set forth and I am authorized

to make this Affirmation on behalf of Life Fitness.

        2.   Defendant Body Sculpt, Inc., did not interpose an

Answer in this action.

Affirmed: New York, New York
          August 3, 2000

                                        DEMETRA SOPHOCLEOUS

                          FILED

                          AUG 4 - 2000

                    COUNTY CLERK'S OFFICE
                          NEW YORK



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------x
LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,                          : Index No. 602639/99

                                  Plaintiff,    : STIPULATION OF
                                                  SETClementTLEMENT

        -against-                               :

BODY SCULPT, INC.,                              :

                                  Defendant.    :

-------------------------------------------x

        WHEREAS, plaintiff Life Fitness, a Division of Brunswick

Corporation ("Life Fitness") commenced this action against

defendant Body Sculpt, Inc. (the "Defendant"), on or about May 28,

1999, by the filing of the Summons and Complaint seeking, among

other things, money damages against the Defendant in the principal

sum of $26,498.04 with interest thereon accrued and accruing, plus

legal fees; and

        WHEREAS, prior to issue being joined, the parties,

through counsel, have conferred, and are now desirous of resolving

their disputes without the necessity of further litigation,

        IT IS HEREBY STIPULATED AND AGREED, by and between the

undersigned, counsel of record for the parties, that the within

action, including all claims, is settled in accordance with the

following terms and conditions:

FILED

AUG 4 - 2000





1.     Defendant agrees to pay, and Life Fitness agrees to accept, the sum of $20,000.00, in full settlement of all of Life Fitness' claims against the Defendant in this action.

2.     The parties agree that the payment of $20,000.00 to Life Fitness by Defendant shall be made in accordance with the following schedule: $300.00 a month, for three (3) consecutive months, and then $400.00 per month until the total sum of $20,000.00 has been paid to Life Fitness.  The initial payment shall be due on July 21, 1999, and all future payments shall be made on the 15th of each succeeding month.  All payments shall be sent to Life Fitness, 10601 W. Belmont Avenue, Franklin Park, Illinois 60131, and shall be sent to the attention of Mr. Michael Gallagher.  Time is of the essence with respect to each payment. Payments made by the Defendant in the companion suit commenced by Life Fitness against Vincent Gargiulo in the Supreme Court, New York County, under index no. 602634/99, shall be credited in this action (the "Companion Action").

3.     In the event that the Defendant fails to make all of the required payments due under this Stipulation of Settlement, and should such failure to pay persist for five business days following the issuance of a default notice sent to the Defendant, at its last known business address, 300 West 40th Street, New York, New York 10018, and with a copy to Defendant's advisor,



Bernie Alpert, c/o Solomon Financial, P.O. Box 22737, Tucson, Arizona 85734, then the Defendant shall be in default under the terms of this Stipulation of Settlement. In that event, should such default persist, notwithstanding the issuance of the written notice of default, then Life Fitness shall be entitled to enter judgment against the Defendant, for the total indebtedness owing, to wit, $26,498.04 with interest thereon at the rate of 9% _per annum_ from May 28, 1999, giving credit to Defendant for any payments heretofore made by the Defendant under the terms of this Stipulation of Settlement. An Affidavit by Life Fitness or counsel for Life Fitness attesting to such default, attesting to the failure of the Defendant to cure such default and attesting to the amount due and owing to Life Fitness by Defendant shall be sufficient for the Judgment Clerk of this Court immediately to enter judgment against the Defendant, and in favor of Life Fitness, for the sum set forth in such Affidavit.

4.   In the event all required payments are made by Defendant to Life Fitness, as more fully set forth in paragraphs 1 and 2 above, then within 10 days after Life Fitness is in receipt of good funds with respect to the final payment, counsel for Life Fitness shall forward to Defendant a Stipulation of Discontinuance with prejudice in this action and in the Companion Action. In addition, the parties shall exchange Releases the

3



subject matter of which is the claims set forth in the instant action, as well as in the Companion Action.

     5.    The foregoing constitutes the entire Stipulation of Settlement between the parties, and cannot be changed, altered or modified, except by a separate writing executed by the parties or their authorized representatives.

Dated: New York, New York
       July 22, 1999

                            LIFE FITNESS, a Division of
                              Brunswick Corporation,
                            Plaintiff

                            By: _____
                              Michael Gallagher
                              Title: *Director, Customer Finance*

                            BODY SCULPT, INC.

                            By: _____
                              Mr. Vincent H. Gargiulo
                              Title:  President
                              Defendant

FILED

AUG 4 - 2000

COUNTY CLERK'S OFFICE
NEW YORK



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
LIFE FITNESS, a Division of             : Index No. 602639/99
BRUNSWICK CORPORATION,
                                        : **AFFIDAVIT OF SERVICE**
                      Plaintiff,
                                        :
            -against-
                                        :
BODY SCULPT, INC.,
                                        :
                      Defendant.
----------------------------------------X
STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

         EDWARD WEISSMAN, being duly sworn, deposes and says:
deponent is not a party to this action, is over 18 years of age
and resides in New York, New York.

         On April 28, 2000 deponent served a Notice of Default
upon:

                    Bernie Alpert
               c/o Solomon Financial
                   P.O. Box 22737
               Tuscon, Arizona 85734

by depositing a copy of same, enclosed in a post-paid wrapper,

properly addressed, in an official depository located in the

State of New York, County of New York under the exclusive care

and custody of the United States Post Office Department.

                                        EDWARD WEISSMAN

Sworn to before me this
3rd day of August, 2000.

Notary Public

FILED

DEMETRA SOPHOCLEOUS
Notary Public, State of New York
No. 02SO6035988
Qualified in Kings County
Commission Expires 1/10/2002



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
LIFE FITNESS, a Division of          : Index No. 602639/99
BRUNSWICK CORPORATION,

                                     : AFFIDAVIT OF SERVICE

                        Plaintiff,

                                     :

            -against-

                                     :

BODY SCULPT, INC.,

                                     :

                        Defendant.

----------------------------------------X
STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

            EDWARD WEISSMAN, being duly sworn, deposes and says:
deponent is not a party to this action, is over 18 years of age
and resides in New York, New York.


            On April 28, 2000 deponent served a Notice of Default
upon:

                    Body Sculpt, Inc.
                    300 West 40th Street
                    New York, New York 10018

by depositing a copy of same, enclosed in a post-paid wrapper,

properly addressed, in an official depository located in the

State of New York, County of New York under the exclusive care

and custody of the United States Post Office Department.

                              _____
                              EDWARD WEISSMAN

Sworn to before me this
3rd day of August, 2000.
_____
Notary Public

DEMETRA SOPHOCLEOUS
Notary Public, State of New York
No. 02SO6035988
Qualified in Kings County
Commission Expires 1/10/2002

FILED

AUG 4 2000

COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
LIFE FITNESS, a Division of          :
BRUNSWICK CORPORATION,
                                     : Index No. 602639/2000
                 Plaintiff,
                                     :    **AFFIRMATION**

        -against-                    :

BODY SCULPT, INC.,                   :

                 Defendant.          :
------------------------------------X

        DEMETRA SOPHOCLEOUS, being duly admitted to

practice before the courts of this State, affirms the

following is true under the penalties of perjury:

        1.    I am an associate in the Law Offices of Edward

Weissman, counsel for plaintiff Life Fitness, a Division of

Brunswick Corportion, ("Life Fitness") in the above-

captioned action.  I am fully familiar with all of the facts

and circumstances hereinafter set forth and I am authorized

to make this Affirmation on behalf of Life Fitness.

        2.    In connection with the entry of judgment in favor

of Life Fitness and against defendant Body Sculpt, Inc.,

Life Fitness waives a bill of costs.

Affirmed: New York, New York
          August 3, 2000

FILED

AUG 4 – 2000

COUNTY CLERK'S OFFICE
NEW YORK

_____
DEMETRA SOPHOCLEOUS

SUPREME    COURT OF THE STATE OF NEW YORK
COUNTY OF    NEW YORK

*Index No.* 602639/99

LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,
                    *against*

*Plaintiff*

BODY SCULPT, INC.,

*Defendant*

## NOTICE TO JUDGMENT DEBTOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated    August 4, 2000

                    , LAW OFFICE OF EDWARD WEISSMAN

By:    *Demetra Sophocleous*
                    Creditor or Attorney(s) for Judgment Creditor
                    Office and Post Office Address
                    Demetra Sophocleous, Esq.
                    805 Third Avenue, 7th Floor
                    New York, NY  10022

# 602639

**1 9 9**

```
INDEX#: 602639    05/28/1999    FEE: Y

LIFE FITNESS
         VS
BODY SCULPT INC


MAY 28 1999  SUMMONS & COMPLAINT
```

6·8·99 N/AFFID

6·10·99 AFFID

8·1·00 N/Judg. Debtor

8·4·00 Rdg.

4·6·01 N/change address

46-3004R-100M92

# COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

## FEE $170.00

Spaces below to be TYPED or PRINTED by applicant

### TITLE OF ACTION OR PROCEEDING

*Life Change Division of*

*Brunswick Holdings*

Plaintiff

*Body Sculpt Inc.*

*Defendant*

**INDEX NUMBER**

Do not write in this space

**CHECK ONE**

| | |
|---|---|
| ☒ COMMERCIAL ACTION | ☐ NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☐ NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☐ NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION**
**MAIN INDEX NO.**

Name and address of
Attorney for Plaintiff
or Petitioner.
Telephone No.

*Edward Weissman Esq.*
*835 Third Avenue, 8th Floor*
*New York, New York 10022*

*(212) 750 - 2470*

Name and address of
Attorney for Defendant
or Respondent.
Telephone No.

*NOT known*

A. Nature and object of action or _____

9602639

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

LIFE FITNESS, a Division of BRUNSWICK CORPORATION,

                                        Plaintiff(s)

                    against

BODY SCULPT, INC.

                                        Defendant(s)
_____

Index No.
Date purchased    96602639

Plaintiff(s) designate(s)
New York
County as the place of trial.

The basis of the venue is
defendant's place of business

**Summons**

Plaintiff(s) reside(s) at
10601 W. Belmont Avenue
Franklin Park, IL  10131
County of
Cook

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within    20    days after the service of this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated,    May 27, 1999

Defendant's address:

300 West 40th Street
New York, New York  10018

EDWARD WEISSMAN, ESQ.
Attorney(s) for Plaintiff

Office and Post Office Address

By:
Edward Weissman, Esq.
805 Third Avenue
7th Floor
New York, New York  10022

FILED
MAY 28 1999
COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------x
LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,                     : Index No.        /99

                          Plaintiff,       : COMPLAINT

     -against-                             :                99602639

BODY SCULPT, INC.                          :

                          Defendant.       :
------------------------------------------x

       Plaintiff Life Fitness, a division of Brunswick Corporation, by its attorney, Edward Weissman, Esq., as for its Complaint against the defendant, sets forth as follows:

### THE PARTIES

1.    Plaintiff Life Fitness is a division of Brunswick Corporation ("Life Fitness"), the latter being a corporation duly organized and existing under and by virtue of the laws of the State of Delaware. Life Fitness is engaged in the business of, among other things, manufacturing and selling cardiovascular fitness equipment.

2.    Upon information and belief, defendant Body Sculpt, Inc. ("Body Sculpt") is, and at all material times hereinafter mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains offices within the State of New York, County of New York.

3.    All Causes of Action sued upon herein arose in the State of New York, County of New York.



### FIRST CAUSE OF ACTION

4.    By Equipment Lease, dated July 3, 1997, entered into by and between Life Fitness, as lessor, and Body Sculpt, as lessee (the "Lease"), Life Fitness leased to Body Sculpt equipment in the nature of four (4) Lifestride treadmills, five (5) Recumbent Lifecycles and five (5) Lifecycles with telemetry (the "Equipment"), in accordance with the terms thereof.

5.    Pursuant to the terms of the Lease, Body Sculpt was required to make monthly payments to Life Fitness, in the amount of $953.12, for 36 months.

6.    In or about September, 1997, Life Fitness caused to be recorded with the Secretary of State of New York and with the New York City Register, New York County, UCC-1 Financing Statements, covering the Equipment and naming Life Fitness as the secured party.

7.    The Lease provides, in relevant part, that in the event Body Sculpt fails to pay any installment of rent when due, Life Fitness may declare all sums due and to become due under the Lease to be immediately due and payable. The provision further provides that Life Fitness can demand that Body Sculpt deliver the Equipment to Life Fitness at Body Sculpt's cost and expense, which demand Life Fitness has made.

2

8.    Body Sculpt has defaulted in its obligations to Life Fitness under the Lease by failing to make all of the required monthly payments when due.

9.    As a result of the aforesaid defaults by Body Sculpt, and in accordance with the terms of the Lease, Life Fitness has elected to declare the entire unpaid principal indebtedness plus interest to be due and payable to it and has demanded the return of the Equipment.

10.    By reason of the foregoing, there is presently due and owing to Life Fitness by Body Sculpt, the sum of $25,179.54 inclusive of late charges and taxes, with interest thereon accrued and accruing.

## SECOND CAUSE OF ACTION

11.    Life Fitness repeats, reiterates and realleges each and every allegation heretofore interposed by it in paragraphs "1" through "10" above, as if more fully set forth herein at length.

12.    The Lease provides, in relevant part, that in the event of default, Life Fitness may demand that Body Sculpt deliver the Equipment to Life Fitness at Body Sculpt's expense.

13.    Pursuant to the Lease and the operative provisions of the Uniform Commercial Code, Life Fitness has demanded of Body Sculpt the return of the Equipment subject to its security interest consisting of:

(a)    Four TR-9100HR Lifestride treadmills;

3

(b)    Five LC-9100R Recumbent Lifecycles; and

(c)    Five LC-9100T Lifecycles with Telemetry.

14.    Body Sculpt has failed and refused to return the Equipment.  Body Sculpt is wrongfully withholding said Equipment from Life Fitness by reason of its refusal to return said Equipment to Life Fitness.

15.    By reason of the foregoing, Life Fitness demands return of the Equipment and damages for the unlawful detention of said Equipment.

<u>THIRD CAUSE OF ACTION</u>

16.    Life Fitness repeats, reiterates and realleges each and every allegation heretofore interposed by it in paragraphs "1" through "15" above, as if more fully set forth herein at length.

17.    The Lease executed by Body Sculpt provides, among other things, that in the event Life Fitness is required to enforce Body Sculpt's obligations to it under the Lease and pertaining to the monetary obligations owing to Life Fitness by Body Sculpt relative to the return of the Equipment, Life Fitness shall be entitled to recover the reasonable attorneys' fees, costs and expenses incurred by Life Fitness in enforcing its rights under the Lease and in foreclosing on its security interest.

18.    Life Fitness has referred this matter to an attorney for collection and has incurred, and, upon information and belief, will continue to incur attorneys' fees, costs and expenses in

4

enforcing Body Sculpt's monetary obligations to Life Fitness under the Lease and in obtaining repossession of the Equipment.

19. By reason of the foregoing, Life Fitness is entitled to a money judgment against Body Sculpt, as and for attorneys' fees, costs and expenses incurred by it, in an amount to be proven at the trial of this action.

WHEREFORE, plaintiff Life Fitness, a Division of Brunswick Corporation demands judgment against defendant Body Sculpt, Inc., as follows:

(a) On its First Cause of Action, in the sum of $25,179.54, inclusive of late charges and taxes, with interest thereon accrued and accruing;

(b) On its Second Cause of Action, for possession of the Equipment and damages against defendant for wrongful detention of said Equipment;

(c) On its Third Cause of Action, as for reasonable attorneys' fees, costs and expenses, in an amount to be proven at the trial of this action;

5

together with such other, further and different relief as this

Court may seem just and proper.

Dated:      New York, New York
            May 27, 1999

                                    EDWARD WEISSMAN, ESQ.

                            By: _____
                                    Edward Weissman, Esq.
                                    Attorneys for Plaintiff
                                    805 Third Avenue
                                    7th Floor
                                    New York, New York 10022
                                    (212) 850-2970

D:\Weissman\YG\CLIENTS\BRUNSWIC\GEN-COMPLAINT.wpd

6



P.O. BOX 871, ALBANY, N.Y. 12201
283 WASHINGTON AVENUE, ALBANY, N.Y. 12206
(518) 463-4179

602639/99

ATTY WEISSMAN

SUPREME COURT          NEW YORK COUNTY          STATE OF NEW YORK
_____

LIFE FITNESS, A DIVISION OF BRUNSWICK CORPORATION,
                                                    PLAINTIFF(S)

          -against-

BODY SCULPT, INC.,
                                                    DEFENDANT(S)
_____

STATE OF NEW YORK, COUNTY OF ALBANY:;SS;

GEORGE BROWN being duly sworn, deposes and says that He is over 18 years, resides
in the State of New York and is not a party to this action.  That on the
1st day of June, 1999 at 2 pm at the office of the Secretary of State of State
of New York in the City of Albany, New York, he served the SUMMONS AND COMPLAINT
(INDEX NUMBER 99/602639 with FILING DATE OF ACTION 05/28/99 were endorsed upon
face of papers so served herein.)
UPON:  BODY SCULPT INC.
in this action, by delivering to and leaving with CHERYL BASS, a clerk in the
office of the Secretary of State of New York,  Two (2) True copies and at the
same time of making such service, deponent paid said Secretary of State, a fee
of $40.00 That said service was made pursuant to Section  306 BCL deponent
further states, he knew the said served to be an authorized CLERK in the
Corporate Division of the State of New York.

Deponent describes the person actually served as follows:

Sex:    FEMALE
Skin:   BLACK
Hair:   BLACK
AGE:    21
Height: 5'9                                         GEORGE BROWN
Weight: 130

SWORN TO BEFORE ME THIS 3RD
DAY OF JUNE, 1999


Donna M. Tidings
Qualified in Albany County, State of New York
No. 101-4898570
Commission Expires:  June 15, 1999

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------x
LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,                          Index No. 602639/99

                        Plaintiff              NOTICE OF AFFIDAVIT OF
                                               ADDITIONAL MAILING

                     - against -

BODY SCULPT, INC.

                        Defendant
---------------------------------------X

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )



        BILL LANDIS, being duly sworn, deposes and says:


        1.    I am the secretary to Edward Weissman, Esq., the
attorney for the plaintiff in the above-entitled action, and I
reside in Jersey City, New Jersey.


        2.    On the 4th day of June, 1999, and pursuant to CPLR
§ 3215, I deposited a copy of the summons and complaint in the
above-entitled action, a copy of which is annexed hereto, enclosed
in a first class post-paid wrapper, with no return address or name
on the outside thereof, marked on both sides "Personal and
Confidential" and properly addressed to Body Sculpt, Inc., the
defendant, at its last known place of business:  300 West 40th
Street New York, New York  10018, in an official depository located



in the State of New York, County of New York under the exclusive care and custody of the United States Post Office Department.

_____
BILL LANDIS

Sworn to before me this
4th day of June, 1999.

_____
NOTARY PUBLIC

EDWARD WEISSMAN
NOTARY PUBLIC, State of New York
No 31-4806821
Qualified in New York County
Commission Expires May 31, 20___

D:\Weissman\YG\CLIENTS\BRUNSWIC\AFFIDAVITOFADDITIONAL-MAILING.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LIFE FITNESS, a Division of BRUNSWICK CORPORATION,

*Plaintiff(s)*

*against*

BODY SCULPT, INC.

*Defendant(s)*

Index No. *C9 - 604697*
Date purchased *5/27/99*

Plaintiff(s) designate(s)
New York
County as the place of trial.

The basis of the venue is
defendant's place of business

**Summons**

Plaintiff(s) reside(s) at
10601 W. Belmont Avenue
Franklin Park, IL  10131
County of
Cook

To the above named Defendant(s)

      **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within    20    days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,    May 27, 1999

Defendant's address:

300 West 40th Street
New York, New York  10018

EDWARD WEISSMAN, ESQ.
Attorney(s) for Plaintiff

Office and Post Office Address

By:

Edward Weissman, Esq.
805 Third Avenue
7th Floor
New York, New York  10022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------x
LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,                          : Index No.        /99

                              Plaintiff,     : COMPLAINT

    -against-                                :

BODY SCULPT, INC.                            :

                              Defendant.     :
-------------------------------------------x

        Plaintiff Life Fitness, a division of Brunswick Corporation, by its attorney, Edward Weissman, Esq., as for its Complaint against the defendant, sets forth as follows:

### THE PARTIES

        1.   Plaintiff Life Fitness is a division of Brunswick Corporation ("Life Fitness"), the latter being a corporation duly organized and existing under and by virtue of the laws of the State of Delaware. Life Fitness is engaged in the business of, among other things, manufacturing and selling cardiovascular fitness equipment.

        2.   Upon information and belief, defendant Body Sculpt, Inc. ("Body Sculpt") is, and at all material times hereinafter mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains offices within the State of New York, County of New York.

        3.   All Causes of Action sued upon herein arose in the State of New York, County of New York.

## FIRST CAUSE OF ACTION

4.    By an Equipment Lease, dated July 3, 1997, entered into by and between Life Fitness, as lessor, and Body Sculpt, Inc. ("Body Sculpt"), as lessee (the "Lease"), Life Fitness leased to Body Sculpt equipment in the nature of fourteen (14) treadmills and lifecycles (the "Equipment").

5.    Body Sculpt has defaulted in its obligations to Life Fitness under the Lease by failing to make all of the required monthly payments to Life Fitness when due.

6.    As a result of the aforesaid default by Body Sculpt, and in accordance with the terms of the Lease, the entire unpaid principal indebtedness plus interest was declared by Life Fitness to be due and payable to it.

7.    By reason of the foregoing, there is presently due and owing to Life Fitness by Body Sculpt, the principal sum of $25,179.54, inclusive of late charges and taxes, with interest thereon accrued and accruing, plus attorneys' fees, costs and expenses.

8.    In order to induce Life Fitness to enter into the aforesaid Lease with Body Sculpt, on or about July 3, 1997, defendant signed, executed and delivered to Life Fitness his primary, absolute and unconditional written Guaranty of all debts

2

and obligations of Body Sculpt to Life Fitness, whether then existing or thereafter arising.

9. By reason of the foregoing, Life Fitness is entitled to a money judgment against defendant, in the sum of $26,498.04, inclusive of late charges and taxes, with interest thereon accrued and accruing.

<u>SECOND CAUSE OF ACTION</u>

10. Life Fitness repeats, reiterates and realleges each and every allegation heretofore interposed by it in paragraphs "1" through "9" above, as if more fully set forth herein at length.

11. The Guaranty executed by defendant provides, among other things, that in the event Life Fitness is required to enforce defendant's obligations to it under the Guaranty executed by him, Life Fitness shall be entitled to recover reasonable attorneys' fees, costs and expenses incurred by Life Fitness in that effort.

12. Life Fitness has referred this matter to an attorney for collection and has incurred and, upon information and belief, will continue to incur attorneys' fees, costs and expenses in enforcing defendant's obligations to it under the Guaranty.

13. By reason of the foregoing, Life Fitness is entitled to a money judgment against defendant, as and for attorneys' fees, costs and expenses incurred by it, in an amount to be proven at the trial of this action.

3

WHEREFORE, plaintiff Life Fitness, a Division of Brunswick Corporation demands judgment against defendant Vincent H. Gargiulo, as follows:

(a) On its First Cause of Action, in the sum of $25,179.54, inclusive of late charges and taxes, with interest thereon accrued and accruing, plus attorneys' fees, costs and expenses.

(b) On its Second Cause of Action, as for reasonable attorneys' fees, costs and expenses, in an amount to be proven at the trial of this action;

together with such other, further and different relief as this Court may seem just and proper.

Dated:   New York, New York
         May 27, 1999

EDWARD WEISSMAN, ESQ.

By: _____
    Edward Weissman, Esq.
    Attorneys for Plaintiff
    805 Third Avenue
    7th Floor
    New York, New York 10022
    (212) 850-2970

D:\Weissman\YG\CLIENTS\BRUNSWIC\Gargiulo.complaint.wpd

4

*Index No.* _____ *Year 20* _____ 19, 2000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LIFE FITNESS, a Division of
BRUNSWICK CORPORATION,

Plaintiff

*-against-*

BODY SCULPT, INC.,

Defendant

**JUDGMENT**

**FILED AND
DOCKETED**

**LAW OFFICES OF EDWARD WEISSMAN**

*Attorneys for*
Plaintiff

805 THIRD AVENUE
SEVENTH FLOOR
NEW YORK, NEW YORK 10022
(212) 350-2020

**AUG 4 – 2000**

AT _____ 10.00 AM
N.Y., CO. CLK'S OFFICE

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* 8/2/00                    *Signature* _____

                                   *Print Signer's Name* _____

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:* _____

                                   *Attorney(s) for* _____

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY

*that the within is a (certified) true copy of a* _____
*entered in the office of the clerk of the within named court on* _____ *20* ____

☐ NOTICE OF SETTLEMENT

*that an Order* *of which the within is a true copy will be presented for settlement to the*
*Hon.* _____ *one of the judges of the within named Court*
*at* _____
*on* _____ *20* ____ *at* _____ *M.*

*Dated:* _____

                                   **LAW OFFICES OF EDWARD WEISSMAN**

                          *Attorneys for* _____

                                   805 THIRD AVENUE
                                   SEVENTH FLOOR

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
LIFE FITNESS, a Division of                 :
BRUNSWICK CORPORATION,                      : Index No. 602639/99

                Plaintiff,         NOTICE OF CHANGE OF
                                            : ADDRESS_____
      -against-

BODY SCULPT, INC.,                          :

                Defendant.        :
------------------------------------X

           NOTICE is hereby given that effective April 1, 2001, the

Law Offices of Edward Weissman, counsel for Life Fitness,

Division of Brunswick Corporation, will relocate to 521 Fifth

Avenue, 26th Floor, New York, New York 10175.  The phone number will

be (212) 937-1520; the fax number will be (212) 937-1529.

Dated: New York, New York
      March 29, 2001

               LAW OFFICES OF EDWARD WEISSMAN

               By:_____
               Edward Weissman, Esq.
               Attorney for Plaintiff
               Office and P.O. Address
               521 Fifth Avenue, 26th Floor
               New York, New York 10175

G:\Gail\Form.A-Notice.of.change.of.address.wpd

FILED
APR 06 2001
NEW YORK
COUNTY CLERK'S OFFICE

RECEIVED
APR ? 2001
* NOT ON FILE
TRIAL SUPPORT OFFICE

STATE OF NEW YORK      )
                       )   ss:
COUNTY OF NEW YORK     )

## AFFIDAVIT OF SERVICE

GAIL BERMAN being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Brooklyn, New York.

On March 29, 2001 deponent served the within **NOTICE OF CHANGE OF ADDRESS** upon:

> Body Sculpt, Inc.
> 300 West 40th Street
> New York, New York 10018
> Attn: Mr. Vincent Garguilio

by depositing a copy of same, enclosed in a post-paid wrapper, and properly addressed, in an official depository located in the State of New York, County of New York under the exclusive care and custody of the United States Post Office Department.

_____
GAIL BERMAN

Sworn to before me this
29th day of March, 2001

_____
NOTARY PUBLIC

Notary Public, State of New York
No. 02SC06/35938
Qualified in Kings County
Commission Expires 1/10/2002

G:\Gail\aff.of.ser.not.of.address.change.wpd

Index No.                    Year 20                    Index No.   602639/99

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LIFE FITNESS, a Division of BRUNSWICK CORPORATION,

                              Plaintiff,

                -against-

BODY SCULPT, INC.

                              Defendant.

FILED

APR 0 6 2001

NEW YORK
COUNTY CLERK'S OFFICE

---

NOTICE FOR CHANGE OF ADDRESS

---

LAW OFFICES OF EDWARD WEISSMAN

Attorneys for                    Plaintiff

521 FIFTH AVENUE
26TH FLOOR
NEW YORK, NEW YORK 10175
(212) 987-1520

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:                              Signature

                                    Print Signer's Name

Service of a copy of the within                              is hereby admitted.

Dated:

                    Attorney(s) for

---

PLEASE TAKE NOTICE

☐     that the within is a certified true copy of a
NOTICE OF    entered in the office of the clerk of the within named Court on                    20
ENTRY

☐     that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF    Hon.                                        one of the judges of the within named Court,
SETTLEMENT    at
             on                    20        at                    M

Dated:

                    LAW OFFICES OF EDWARD WEISSMAN

             Attorneys for

                                    521 FIFTH AVENUE
                                    26TH FLOOR
                                    NEW YORK, NEW YORK 10175
To: