## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $185.00

| INDEX NUMBER |
|---|
| Do not write in this space |

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

Portfolio Financial Servicing Co., as servicing agent for SFC Capital Group Corporation

Plaintiff,

-against-

Body Sculpt Fitness Clubs 79th Street Inc. and Andrew F. Carino, Individually

Defendants.

### CHECK ONE

| | | |
|---|---|---|
| ☐ COMMERCIAL ACTION | | ☐ NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | | ☐ NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | | ☐ NOT THIRD PARTY ACTION |

### IF THIRD PARTY ACTION MAIN INDEX NO. _____

02604135

| | |
|---|---|
| Name and address of Attorney for Plaintiff or Petitioner. Telephone No. | Richard L. Furman, Esq., De Orchis & Partners, LLP, 61 Broadway, 26th Floor, New York, NY 10006-2802 (212)-344-4700 |
| Name and address of Attorney for Defendant or Respondent. Telephone No. | |

A.  Nature and object of action or    Breach of Contract
    Nature of special proceeding _____

B.  Application for Index Number filed by:    Plaintiff ☐    Defendant ☐
C.  Was a previous Third Party Action filed   Yes ☐   No ☐
    Date filed _____

B199— Summons without n....c, Supreme Court, personal or substituted service. 12 pt. type, 4-94

© 1993 JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

## Supreme Court of the State of New York
## County of New York

Portfolio Financial Servicing Co., as
servicing agent for SFC Capital Group Corporation

*Plaintiff(s)*

against

Body Sculpt Fitness Clubs 79th Street Inc. and
Andrew F. Carino, Individually

*Defendant(s)*

Index No.

Date purchased 02604135

Plaintiff(s) designate(s)

County as the place of trial.

The basis of the venue is
242 East 79th Street, New York,
New York 10021

## Summons

Plaintiff(s) reside(s) at

County of

FILED

NOV 1 3 2002

NEW YORK
COUNTY CLERK'S OFFICE

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated, 11/13/02

Attorney(s) for Plaintiff

Office and Post Office Address

Defendant's address:

Richard L. Furman, Esq.
DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, NY 10006-2802
(212) 344-4700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------x

PORTFOLIO FINANCIAL SERVICING CO., as
servicing agent for SFC CAPITAL GROUP
CORPORATION

Index No.
Date Purchased:

Plaintiff,

COMPLAINT

- against -

BODY SCULPT FITNESS CLUBS 79TH STREET
INC. and ANDREW F. CARINO, Individually

02604135

Defendants.

------------------------------------------------------x

FILED

NOV 1 5 2002

Plaintiff, Portfolio Financial Servicing Co., as servicing agent for SFC Capital Group
Corporation ("SFC"), by its attorneys DeOrchis & Partners, LLP, as and for its Complaint
alleges as follows:

1.    That at all times hereinafter mentioned, SFC was a corporation organized and
existing under the laws of the State of California and had a principal place of business at 1390
Willow Pass Road, Concord, California.  SFC is in the business of providing throughout the
United States financing for the purchase or lease of various equipment and vehicles.

2.    On or about April 28, 2000 SFC filed a voluntary Chapter 11 petition with the
United States Bankruptcy Court, Southern District of New York in an action entitled In re:
Jacom Computer Services, Inc., Unicapital Corporation, et al.

3.       As part of the bankruptcy proceedings, Portfolio Financial Servicing Co.
(PFSC) was appointed by the trustee as servicing agent to manage SFC's existing and

Exhibit A

delinquent loan and lease agreements and to provide all other necessary services including, but not limited to, collecting bad debts and repossession of equipment

4.    Upon information and belief, Defendant Body Sculpt Fitness Clubs 79th Street Inc. ("Body Sculpt") was a corporation organized and existing under the laws of the State of New York, with a principal place of business at 242 East 79th Street, New York, New York.

5.    Upon information and belief, Defendant Andrew F. Carino is an individual who at all times referred to herein was president of Body Sculpt and resided at 5 New Street, Eastchester, New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST SFC

6.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 of the complaint as if fully set forth herein.

7.    On or about April 28, 2000, Defendant Body Sculpt entered into a Lease Agreement with Plaintiff agreeing, for valuable consideration received, to pay to Plaintiff the sum of $76,994.28, in thirty-six (36) monthly installments of $2,138.73 each, in connection with the lease/purchase of certain gym equipment.  Exhibit A.

8.    In or around January, 2000 Defendant Body Sculpt defaulted on its obligation by failing and refusing to make any additional payments to Plaintiff.

9.    Pursuant to the Lease Agreement, in the event of default in payment thereunder, the entire unpaid principal sum of the lease shall be immediately due and payable.  The entire unpaid principal sum of the lease is $60,551.83.

10.    Therefore, by reason of the foregoing, Body Sculpt is liable to Plaintiff in the amount of $60,551.83.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST SFC

11.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 10 of the complaint, as if fully set forth herein.

12.    Pursuant to the Lease, in the event of a late payment thereunder, SFC is liable to Plaintiff for late charges equal to seven percent (7%) of the payments in arrears.

13.    As of the date of this complaint, Patterson Trucking has failed to remit numerous payments.

14.    By reason of the foregoing, Patterson Trucking is liable to Plaintiff for late charges in the amount of at least $1,283.22.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ANDREW F. CARINO

15.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 of the complaint, as if fully set forth herein.

16.    In order to induce Plaintiff to enter into the Lease Agreement and as security to guarantee the payment and performance of all indebtedness and obligations of Defendant Body Sculpt to Plaintiff, Defendant Andrew F. Carino (hereinafter the "guarantor") entered into a personal Guaranty with Plaintiff dated April 28, 2000.  Exhibit A.

17.    By reason of the foregoing, the guarantor is liable to Plaintiff for all obligations and amounts due and owing under the Lease Agreement.

18.    By reason of the foregoing, the guarantor is liable to Plaintiff in the amount of $60,551.83 and late charges in the amount of at least $1,283.22.

3

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ANDREW F. CARINO

19.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18 of the complaint, as if fully set forth herein.

20.    The Lease Agreement and Guaranty Agreement all provide that in the event of default Defendants will pay all costs of collection, including attorneys fees and expenses, arising out of actions or legal proceedings brought by Plaintiff against Defendants.  Exhibit A.

21.    On or about October 19, 2001 Plaintiff sent notice to Body Sculpt and the guarantor demanding payment of the deficiency.  Exhibit B.

22.    Defendants, Body Sculpt and the guarantor failed and refused to pay the deficiency and continue to refuse to pay the amounts owed to Plaintiff.

23.    By reason of the foregoing, the Defendants are all jointly and severally liable to Plaintiff for reasonable attorneys fees and expenses in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendants Body Sculpt and Andrew F. Carino as follows:

(a)    On its First Cause of Action against Body Sculpt in the amount of $60,551.83;

(b)    On its Second Cause of Action against Body Sculpt in the amount of at least $1,283.22;

(c)    On  its Third Cause of Action against Andrew F. Carino in the amount of $60,551.83 and late charges in the amount of at least $1,283.22;

(d)    On its Fourth Cause of Action against Body Sculpt and Andrew F. Carino jointly and severally for reasonable attorneys fees and expenses in an amount to be determined at trial;

4

(e)     On all counts, interest, costs and fees of this action, together with attorneys fees, and;

(f)     Such other and further relief that this Court may deem just and proper.

Dated:     New York, New York
           October 23, 2002

                                        DEORCHIS & PARTNERS, LLP
                                        Attorneys for Plaintiff

                                        By:
                                        Richard L. Furman
                                        61 Broadway, 26th Floor
                                        New York, New York 10006
                                        (212) 344-4700

W:\4255-008\Legals\Complaint 111102.Rlf.Doc 11/12/02-npo

5

**UNICAPITAL®**
S F C Capital

TO OUR VALUED CUSTOMER! This Lease has been written in "Plain English". When we use the words you and your in this Lease, we mean you, our customer, which is the Lessee indicated below. When we use the words we, us and our in this Lease, we mean the Lessor, SFC Capital Group Corporation, 1390 Willow Pass Road Suite 850, Concord, CA 94520. (925) 671-9005

| CUSTOMER INFORMATION | Lessee Name: Body Sculpt Fitness Clubs 79th Street Inc. | Telephone: 212-472-6700 | Approval #: SFC-3214-001 |
|---|---|---|---|
| | Billing Street Address/City/State/Zip 242 East 79th Street  New York, NY  10021 | | Lease # |
| | Equipment Location (if other from above) 242 East 79th Street  New York, NY  10021 | | Tax ID # 13-4...... 408 6913 |

| SUPPLIER INFORMATION | Supplier Name: Unisen/StarTrac | ("Supplier") |
|---|---|---|
| | Business Address/City/County/State/Zip 14410 Myford Road  Irvine, CA 92606 | Supplier Phone # 800-228-6635 |

| EQUIPMENT DESCRIPTION | Quantity | Make/Model See Addendum attached hereto and made a part hereof | Serial Number |
|---|---|---|---|

**END OF LEASE PURCHASE OPTION**
(Check one applicable box. If no box is checked, the Fair Market Value Purchase Option will apply.)
☐ Fair Market Value Purchase Option     ☒ Fixed Price Purchase Option of $1.00
☐ Fixed Purchase Option of _____% of the Total Cash Price

PLUS APPLICABLE TAXES

**TERM AND FEE PAYMENT SCHEDULE**

| Lease Term (months) | Lease Payment | You agree to pay at the time you sign this Lease: | |
|---|---|---|---|
| 36 | $2,138.73 | A) Total Advance Lease Payment 0 (Mos.) = | $0.00 |
| Additional Provisions | | B) Sales/Use Tax on Advance Lease = | $0.00 |
| | | C) One-time Documentation = | $75.00 |
| | | D) Total of A + B + C = | $75.00 |

PLUS APPLICABLE TAXES

If more than one Lease Payment is required in advance, the additional amount will be applied at the end of the original or any renewal term.

**INSURANCE AND TAXES**
You are required to provide and maintain insurance related to the Equipment, and to pay any property, use and other taxes related to this Lease or the Equipment. (See Sections 4 and 6 on the back of this Lease.) If you are tax-exempt, you agree to furnish us with satisfactory evidence of your exemption.

**TERMS AND CONDITIONS**
BY SIGNING THIS LEASE: (I) YOU ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTAND THE TERMS AND CONDITIONS ON FRONT AND BACK OF THIS LEASE, (II) YOU AGREE THAT THIS LEASE IS A NET LEASE THAT YOU CANNOT TERMINATE OR CANCEL, YOU HAVE AN UNCONDITIONAL OBLIGATION TO MAKE ALL PAYMENTS DUE UNDER THIS LEASE, AND YOU CANNOT WITHHOLD, SET OFF OR REDUCE SUCH PAYMENTS FOR ANY REASON, (III) YOU WILL USE THE EQUIPMENT ONLY FOR BUSINESS PURPOSES, (IV) YOU WARRANT THAT THE PERSON SIGNING THIS LEASE FOR YOU HAS THE AUTHORITY TO DO SO AND TO GRANT THE POWER OF ATTORNEY SET FORTH IN SECTION 7 OF THIS LEASE, (V) YOU CONFIRM THAT YOU DECIDED TO ENTER INTO THIS LEASE RATHER THAN PURCHASE THE EQUIPMENT FOR THE TOTAL CASH PRICE, AND (VI) YOU AGREE THAT THIS LEASE WILL BE GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA AND YOU CONSENT TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CALIFORNIA. YOU AND WE EXPRESSLY WAIVE ANY RIGHTS TO A TRIAL BY JURY.

SFC Capital Group Corporation
Lessor

Authorized Signature _____

Print Name & Title _____  Date 6/2/00

Body Sculpt Fitness Clubs 79th Street Inc.
Lessee
X _____
Authorized Signature
Print Name & Title  Andrew F. Carino (Pres)  Date 4/28/00

---

**PERSONAL GUARANTY**

THIS PERSONAL GUARANTY CREATES SPECIFIC LEGAL OBLIGATIONS. When we use the words you and your in this "Personal Guaranty", we mean the Personal Guarantor(s) indicated below. When we use the words we, us and our in this Personal Guaranty, we mean the Lessor named above.

In consideration of our entering into the lease agreement identified above ("Lease"), you unconditionally and irrevocably guarantee to us, our successors and assigns, the prompt payment and performance of all obligations of the Customer identified above ("Lessee") under the Lease, You agree that this is a guaranty of payment and not of collection, and that we can proceed directly against you without first proceeding against the Lessee or against the equipment covered by the Lease. You waive all defenses and notices, including those of nonpayment, presentment and demand. You agree that we can renew, extend or otherwise modify the terms of the Lease and you will be bound by such changes. If the Lessee defaults under the Lease, you will immediately perform all obligations of the Lessee under the Lease, including but not limited to paying all amounts due under the Lease. You agree to pay to us all expenses (including attorneys' fees) incurred by us in enforcing our rights against you or the Lessee. This is a continuing guaranty that will not be discharged or affected by your death and will bind your heirs and personal representatives. You waive any rights to seek repayment from the Lessee in the event you must pay us. If more than one personal guarantor has signed this Personal Guaranty, each of you agree that your liability is joint and several. You authorize us or any of our affiliates to obtain credit bureau reports regarding your personal credit and make other credit inquiries that we determine are necessary.

THIS PERSONAL GUARANTY IS GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA. YOU CONSENT TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CALIFORNIA. YOU EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY.

Personal Guarantor (no title) _____

Print Name  Andrew Carino

Home Address  New Street , Eastchester, NY 10709

Social Security Number  ...58-56-3703     Phone Number  917-776-7727

X _____
Personal Guarantor (no title)

Print Name _____

Home Address _____

Social Security Number _____  Phone Number _____

1.  LEASE; DELIVERY AND ACCEPTANCE. You agree to lease the equipment described on the front of the lease agreement (collectively "Equipment") on the terms and conditions shown on the front and back of this lease ("Lease"). If you have entered into any purchase or supply contract (collectively "Supply Contract") with any Supplier, you assign to us your rights under such Supply Contract, but none of your obligations (other than the obligation to pay for the Equipment if it is accepted by you as stated below and you timely deliver to us such documents and assurances as we request), if you have not entered into a Supply Contract, you authorize us to enter into a Supply Contract on your behalf. You will arrange for the delivery of the Equipment to you. When you receive the Equipment you agree to inspect it to determine if it is good working order. This Lease will begin on the date when the Equipment is delivered to you and the Equipment will be deemed irrevocably accepted by you upon the earlier of: a) the delivery to us of a signed Delivery and Acceptance Certificate (if requested by us); or b) 10 days after delivery of the Equipment to you if previously you have not given written notice to us of your non-acceptance. The first Lease Payment is due on or before the date the Equipment is delivered to you. The remaining Lease Payments will be due on the day of each subsequent month (or such other time period specified on the front of this Lease) designated by us. You will make all payments required under the Lease to us at such address we may specify in writing. You authorize us to adjust the Lease Payment by not more than 15% if the actual Total Cash Price (which is all amounts we have paid in connection with the purchase, delivery and installation of the Equipment, including any trade-up and buyout amounts) differs from the estimated Total Cash Price of the Equipment. If any Lease Payment or other amount payable to us under this Lease is not paid within 10 days of its due date, you will pay us a late charge not to exceed 7% of such late payment (or such lesser rate as is the maximum rate allowable under applicable law).

2.  NO WARRANTIES. WE ARE LEASING THE EQUIPMENT TO YOU "AS-IS". YOU ACKNOWLEDGE THAT WE DO NOT MANUFACTURE THE EQUIPMENT, WE DO NOT REPRESENT THE MANUFACTURER OR THE SUPPLIER, AND YOU HAVE SELECTED THE EQUIPMENT AND SUPPLIER BASED UPON YOUR OWN JUDGEMENT. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR OTHERWISE. YOU AGREE THAT REGARDLESS OF CAUSE, WE ARE NOT RESPONSIBLE FOR AND YOU WILL NOT MAKE ANY CLAIM AGAINST US FOR ANY DAMAGES, WHETHER CONSEQUENTIAL, DIRECT , SPECIAL, OR INDIRECT. YOU AGREE THAT NEITHER SUPPLIER NOR SALESPERSON, EMPLOYEE OR AGENT OF THE SUPPLIER IS OUR AGENT R HAS ANY AUTHORITY TO SPEAK FOR US OR BIND IS IN ANY WAY  WE TRANSFER TO YOU FOR THE TERM OF EACH SCHEDULE ANY WARRANTIES MADE BY THE MANUFACTURER OR SUPPLIER WITH RESECT TO THE EQUIPMENT LEASED.

3.  EQUIPMENT LOCATION; USE AND REPAIR; RETURN. You will keep and use the Equipment only at the Equipment Location shown on the front of this Lease. You may not move the Equipment without our prior written consent. At your own cost and expense, you will keep the Equipment eligible for any manufacturer's certification, in compliance with all applicable laws and in good condition, except for ordinary wear and tear. You will not make any alterations, additions or replacements to the Equipment without our prior written consent. All alterations, additions or replacements will become part of the Equipment and our property at no cost or expense to us. We may inspect the Equipment at any reasonable time. Unless you purchase the Equipment in accordance with this Lease, at the end of this Lease you will immediately deliver the Equipment to us in as good condition as when you received it, except for ordinary wear and tear, to any place in the United States that we tell you. You will pay all expenses of deinstalling, crating and shipping, and you will insure the Equipment for its full replacement value during shipping.

4.  TAXES AND FEES. You will pay when due, either directly to us or upon demand, all taxes, fines and penalties relating to this Lease or the Equipment that are now or in the future assessed or levied by any state, local or other government authority. We will file all personal property, use or other tax returns (unless we notify you otherwise in writing) and you agree to pay us a fee for making such filings. We do not have to contest any taxes, fines or penalties. You will pay estimated property taxes with each Lease Payment or annually, as invoiced.

5.  LOSS OR DAMAGE. As between you and us, you are responsible for any loss, theft or destruction of, or damage to, the Equipment (collectively "Loss") from any cause at all, whether or not insured, until it is delivered to us at the end of this Lease and comply with all other Lease obligation even if there is a Loss. You are required to make all Lease Payments even if there is a Loss. You must notify us in writing immediately of any Loss. Then, at our option, you will either (a) repair the Equipment so that it is in good condition and working order, eligible to any manufacturer's certification, or (b) pay us the amount specified in section 9(b) below.

6.  1          NCE. You will provide and maintain at your expense (a) property insurance against the loss, theft or destruction of, or damage to, the Equipment for its full replacement value, naming us as loss payee, ...ublic liability and third party property insurance, naming us as an additional insured. You will give us certificates or other evidence of such insurance when requested. Such insurance will be in a form, ... , and with companies acceptable to us, and will provide that we will be given 30 days advance notice of any cancellation or material change of such insurance. If you do not give us evidence of insurance acceptable to us, we have the right, but not the obligation, to obtain insurance covering our interest in the Equipment for the term of this Lease, including any renewal or extensions, from an insurer of our choice, including an insurer that is our affiliate. We may add the costs of acquiring and maintaining such insurance and our fees for our services in placing and maintaining such insurance (collectively "Insurance Charge") to the amounts due from you under this Lease. You will pay the Insurance Charge in equal installments allocated to the remaining Lease Payments. If we purchase insurance, you will cooperate with our insurance agent with respect to the placement of insurance and the processing of claims. Nothing in this Lease will create an insurance relationship of any type between us and any other person. You acknowledge that we are not required to secure or maintain any insurance, and we will not be liable to you if we terminate any insurance coverage that we arrange. If we replace or renew any insurance coverage, we are not obligated to provide replacement or renewal coverage under the same terms, costs, limits, or conditions as the previous coverage.

7.  TITLE; RECORDING. We are the owner of and will hold title to the Equipment. You will keep the Equipment free of all liens and encumbrances. Unless the Purchase Option price shown on the front of this Lease is $1.00, you agree that this transaction is a true lease. However, if the transaction is deemed to be a lease intended for security, you grant us a purchase money security interest in the Equipment (including any replacements, substitutions, additions, attachments and proceeds). You will deliver to us signed financing statements or other documents we request to protect our interest in the Equipment. YOU AUTHORIZE US TO FILE A COPY OF THIS LEASE AS A FINANCING STATEMENT AND APPOINT US OR OUR DESIGNEE AS YOU ATTORNEY-IN-FACT TO EXECUTE AND FILE, ON YOUR BEHALF, FINANCING STATEMENTS COVERING THE EQUIPMENT.

8.  DEFAULT. Each of the following is a "default" under this Lease (a) you fail to pay any Lease Payment or any other payment within 10 days of its due date, (b) you do not perform any of your obligations under this Lease or in any other agreement with us or with any of our affiliates and this failure continues for 10 days after we have notified you of it, (c) you become insolvent, you dissolve or are dissolved, or you assign your assets for the benefit of your creditors, or order (voluntarily or involuntarily) any bankruptcy or reorganization proceeding, (d) any guarantor of this Lease, dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed in clause (c) above, (e) you fail to keep the Equipment insured as required by Section 6 hereof or (f) you attempt to transfer or encumber the Equipment.

9.  REMEDIES. If a Default occurs, we may do one or more of the following (a) we may cancel or terminate this Lease or any or all of other agreements that we have entered into with you, (b) we may require you to immediately pay us, as compensations for loss of bargain and not as a penalty, a sum equal to (i) the present value of all unpaid Lease Payments for the remainder of the term plus the present value of our anticipated residual interest in the Equipment, each discounted at 5% per year, compounded monthly, plus (ii) all other amounts due or that become due under this Lease, (c) we may require you to deliver the Equipment to us as set forth in Section 3; (d) we or our agent may peaceably repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other reason, and (e) we may exercise any other right or remedy available at law or in equity. You agree to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees. If we take possession of the Equipment, we may sell or otherwise dispose of it with or without notice, at a public or private sale, and apply the net proceeds (after we have deducted all costs related to the sale or disposition of the Equipment) to the amounts that you owe us. You agree that if notice of sale is required by law to be given, 10 days' notice shall constitute reasonable notice. You will remain responsible for any amounts that are ...  after we have applied such net proceeds.

10. ...GNMENT. YOU MAY NOT ASSIGN, SELL, TRANSFER OR SUBLEASE THE EQUIPMENT OR YOUR INTEREST IN THIS LEASE. We may, without notifying you, sell, assign, or transfer this Lease or ...  in the Equipment. You agree that the NEW OWNER WILL HAVE THE SAME RIGHTS AND BENEFITS THAT WE HAVE NOW UNDER THIS LEASE BUT NOT OUR OBLIGATIONS. The ...  OF THE NEW OWNER WILL NOT BE SUBJECT TO ANY CLAIM, DEFENSE OR SET-OFF THAT YOU MAY HAVE AGAINST US. Following any assignment you will make all payments due under this Lease as directed by the new owner.

11. PURCHASE OPTION; AUTOMATIC RENEWAL. If no Default exists under this Lease, you may at the option at the end of the original or any renewal term to purchase all (but not less than all) of the Equipment at the Purchase Option price shown on the front of this Lease, plus any applicable taxes. Unless the Purchase Option price is $1.00, you must give us at least 30 days written notice before the end of the original term that you will purchase the Equipment or that you will deliver the Equipment to us to an address specified by us. If you do not give us such written notice or if you do not purchase or deliver the Equipment in accordance with the terms and conditions of Lease, this Lease will automatically renew for an additional 12 month term and thereafter renew for successive one month terms until you deliver the Equipment to us. During such renewal(s) the Lease Payment will remain the same. We may cancel an automatic renewal term by sending you written notice 10 days prior to such renewal term. If the Fair market Value Purchase Option has been selected, we will use our reasonable judgement to determine the Equipment's fair market value. If you do not agree with our determination of the Equipment's fair market value, the fair market value (on a rental basis) will be determined at your expense by an independent appraiser selected by us. Upon payment of the Purchase Option price, we shall transfer our interest in the Equipment to you "AS IS, WHERE IS" without any representation or warranty whatsoever and this Lease will terminate.

12. INDEMNIFICATION. You are responsible for any losses, damages, penalties, claims, suits and actions (collectively "Claims"), whether based on a theory of strict liability or otherwise caused by or related to (a) the manufacture, installation, ownership, use, lease, possession, or delivery of the Equipment or (b) any defects in the Equipment. You agree to reimburse us for and if we request, to defend us against, any Claims.

13. CREDIT INFORMATION. YOU AUTHORIZE US OR ANY OF OUR AFFILIATES OR OUR ASSIGNS TO OBTAIN CREDIT BUREAU REPORTS, AND MAKE OTHER CREDIT INQUIRIES THAT WE DETERMINE ARE NECESSARY. ON YOUR WRITTEN REQUEST, WE WILL INFORM YOU WHETHER WE HAVE REQUESTED A CONSUMER CREDIT REPORT AND THE NAME AND ADDRESS OF ANY CONSUMER CREDIT REPORTING AGENCY THAT FURNISHED A REPORT. YOU ACKNOWLEDGE THAT WITHOUT FURTHER NOTICE WE MAY USE OR REQUEST ADDITIONAL CREDIT BUREAU REPORTS TO UPDATE OUR INFORMATION SO LONG AS YOUR OBLIGATIONS TO US ARE OUTSTANDING.

14. MISCELLANEOUS. You agree that the terms and conditions contained in this Lease make up the entire agreement between you and us regarding the lease of the Equipment. To the extent permitted by applicable law, you hereby waive any and all rights and remedies conferred upon a lessee by Sections 2A508 through 2A-522 of the Uniformal Commercial Code. This Lease is not binding on us until we sign it. Any change in any of the terms and conditions of this Lease must be in writing and signed by us. You agree, however, that we are authorized, without notice to you, to supply missing information or correct obvious errors in this Lease. If we delay or fail to enforce any of our rights under this Lease, we will still be entitled to enforce those rights at a later time. All notices shall be given in writing by the party sending the notice and shall be effective when deposited in the U.S. Mail, addressed to the party receiving the notice at its address shown on the front of this Lease (or to any other address specified by that party in writing) with postage prepaid. All representations, warranties, indemnities and covenants made by you under this Lease will survive the termination of this Lease. It is the express intent of the parties not to violate any applicable usury laws or to exceed the maximum amount of time price differential or interest, as applicable, permitted to be charged or collected by applicable law, and any such excess payment will be applied to Lease Payments in inverse order of maturity, and any remaining excess will be refunded to you. If you do not perform any of your obligations under this Lease, we have the right, but not the obligation, to take any action or pay any amounts that we believe are necessary to protect our interests. You agree to reimburse us immediately upon our demand for any such amounts that we pay. If more than one Lessee has signed this Lease, each of you agree that your liability is joint and several.

15. ACCORD AND SATISFACTION. No endorsement or statement on any check or any letter accompanying any check or payment of Lease Payment be deemed an accord and satisfaction, and we may accept such check or payment without prejudice to our right to recover the balance of such Lease Payment or pursue other remedy.

Order No. _____
Entered By _____
Date _____

**For Internal Use Only**

| | |
|---|---|
| Date | 04/26/2000 |
| Expiration Date | 05/08/2000 |

Prepared By
Tim D. Andrews

Requested Delivery Date
/ /

Purchase Order sfc-3214-001

| Division | CM | Zone | 13 | Class | Ci | Sub-Class | |
|---|---|---|---|---|---|---|---|

**SOLD TO:**
sfc-3214-001
SFC Capital Group Corporation
1390 Willow Pass, Ste.850
Concord, CA 94520

Phone: (925) 671-9005

**SHIP TO:**
Andy Carino
Body Sculpt Fitness Club
242 East 79th Street
New York, NY 10021

(212) 472-6700

Ci

| Qty. | Model | Description | Price | Amount |
|---|---|---|---|---|
| 2 | 9-3901-BUSAP0 | 3900 SERIES TREADMILL, NO HR, BLACK, 110 VOLT, USA | 3,450.00 | $27,600.00 |
| 2 | 9-4110-BUSAB0 | 4100 SERIES STEPPER, CONT, BLACK, BLANKET, USA | 1,995.00 | $3,990.00 |
| 5 | 9-4310-BUSAB0 | 4300 SERIES UPRIGHT BIKE, CONT, BLACK, BLANKET, US | 1,595.00 | $7,975.00 |
| 5 | 9-4410-BUSAB0 | 4400 SERIES RECUMBENT BIKE, CONT, BLACK, BLANKET | 1,795.00 | $8,975.00 |
| 4 | 9-4620-GUSAP0 | ELLIPTICAL EDGE W/ POLAR HEART RATE ONLY | 3,195.00 | $12,780.00 |
| 24 | INSIDE | INSIDE DELIVERY<br>Warranty: 2 Years parts and labor. | | |
| 1 | | Vendor Discount | -1,827.98 | $-1,827.98 |

| Taxable Amount | $59,492.02 | Sales Tax Rate | % | Sales Tax | |
|---|---|---|---|---|---|
| Credit Card No. | | Expiration Date | | Total | $59,492.02 |
| Check No. | | Check Amount | 0.00 | FOB   Origin | |
| Warranty:  Standard | | | | Terms LEASE | |

Comments:

Private Comments:

Lease Notes:
Lease program
0 adv. / 36 / $, .03321, 12 %
@ $1975.73 + Tax per month

Credit Notes:

**SFC Capital Group**

P.O. Box 281397
Atlanta, GA 30384-1397
(800) 646-8532

October 19, 2001

Andrew F. Carino
5 New Street
Eastchester, N.Y. 10709

Re: Lease No. 1535180001 (Body Scuplt Fitness Club, 79th Street

Dear Guarantor,

As you are well aware, the above-referenced lease is in default. The amount in default at this time is $ 18,766.93.

Although repeated attempts have been made to get your cooperation in curing the default, payment has not been received; therefore, in accordance with the provisions of your lease agreement we are accelerating the lease and all amounts due under the lease are now due and payable.

The accelerated balance is $ 61,896.05 and demand is hereby made for payment of the entire amount due. Payment should be directed to SFC Capital Group and received by not later than October 29, 2001. Failure to comply with this demand will leave us no alternative but to take appropriate steps to protect our interests.

Please govern yourself accordingly.

If you have any specific questions you can contact me at 1-800-646-8532 extension 3183.

Sincerely,

*Julie A. Smith*

Julie A. Smith
Collection Specialist

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7000 1670 0008 7768 2643

Sent To Andrew F. Carino
Street, Apt. No.; or PO Box No. 5 New St.
City, State, ZIP+4 Eastchester, N.Y. 10709

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

PORTFOLIO FINANCIAL SERVICING CO., AS SERVICING AGENT FOR SFC CAPITAL GROUP CORPORATION

Plaintiff(s)

- against -

BODY SCULPT FITNESS CLUBS 79TH STREET INC., ETANO

Defendant(s)

Attorney: DEORCHIS & PARTNERS, LLP

The papers served bore the Index # and date of filing.

Index # 604135/02

Purchased November 13, 2002

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on December 20, 2002 at 11:00 AM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS AND COMPLAINT on BODY SCULPT FITNESS CLUB 79TH ST INC. S/H/A BODY SCULPT FITNESS CLUBS 79TH STREET INC. therein named,

SECRETARY
OF STATE

a Domestic corporation by delivering two true copies to CHERLY BASS, LEGAL CLERK personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|--------------|-----------------|----------------|
| FEMALE | BLACK | BLACK | 25 | 5'9 | 165 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the defendant in this action.

FILED
MAR 2 ? 2?05

Sworn to me on December 23, 2002

JOE KNIGHT
Notary Public, State of New York
No. 01KN4808827
Qualified in New York County
Comm. Expires September 30, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2006

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2006

STEVEN C. AVERY

Invoice #: 317359

SUPREME COURT OF THE STATE    NEW YORK

COUNTY OF NEW YORK

Attorney: DEORCHIS & PARTNERS, LLP.

PORTFOLIO FINANCIAL SERVICING CO., AS SERVICING AGENT FOR SFC CAPITAL GROUP CORPORATION

Plaintiff(s)

- against -

BODY SCULPT FITNESS CLUBS 79TH STREET INC., ETANO

Defendant(s)

The papers served bore the index # and date of filing.

Index # 604135/02

Purchased November 13, 2002

AFFIDAVIT OF SERVICE

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on December 20, 2002 at 11:00 AM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS AND COMPLAINT on BODY SCULPT FITNESS CLUBS 79TH STREET INC. and BODY SCULPT FITNESS CLUBS 79TH STREET INC. therein named,

SECRETARY     a Domestic corporation by delivering two true copies to CHERLY BASSETT AGENT CLERK personally, deponent knew
OF STATE       said corporation so served to be the corporation described in said summons as said defendant and knew said
               individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BLACK | 25 | 5'9 | 165 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the defendant in this action.

FILED

JAN - 3 2003

COUNTY CLERK'S OFFICE
NEW YORK

Sworn to me on December 23, 2002

JOE KNIGHT
Notary Public, State of New York
No. 01KN4808827
Qualified in New York County
Comm. Expires September 30, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2006

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2006

STEVEN C. AVERY

Invoice #: 317359

State of New York Department of State
Receipt for Service

Receipt #:  200212230094
Date of Service:  12/20/2002
Service Company:  85 AAA/ALBANY ATTORNEY SERVICES

Cash #:  200212230091
Fee Paid: $40 - CHECK

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
    CORPORATION LAW

Party Served:  BODY SCULPT FITNESS CLUB, 79TH ST., INC.

Plaintiff/Petitioner:
        PORTFOLIO FINANCIAL SERVICING CO

Name of Plaintiff/Petitioner's Attorney:
        RICHARD L FURMAN, ESQ.

Service of Process Address:
C/O VINCENT GARGIULO
00 WEST 40TH ST
EW YORK, NY 10018

FILED
MAR 20 2003
COUNTY

Secretary of State
By CHERYL BASS

Service upon the ....

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BLACK | 25 | 5'9 | 165 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the defendant in this action.

Sworn to me on December 23, 2002

JOE KNIGHT
Notary Public, State of New York
No. 01KN4808827
Qualified in New York County
Comm. Expires September 30, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2006

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2006

STEVEN C. AVERY

Invoice #: 317359

SUPREME COURT OF THE STATE ᴐ NEW YORK

Attorney: DEORCHIS & PARTNERS, LLP

COUNTY OF NEW YORK

---

PORTFOLIO FINANCIAL SERVICING CO., AS SERVICING AGENT FOR SEC CAPITAL GROUP CORPORATION

Plaintiff(s)

- against -

BODY SCULPT FITNESS CLUBS 79TH STREET INC., ETANO

Defendant(s)

---

The papers served bore the index # and date of filing.

Index # 604135/02

Purchased November 13, 2002

AFFIDAVIT OF SERVICE

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

JEFF CAMPOLO BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on January 2, 2003 at 12:19 PM at

44 COUNTRY ROAD
PRIVATE HOUSE
MAMARONECK, NY 10543

deponent served the within SUMMONS AND COMPLAINT on ANDREW F. CARINO therein named,

| | |
|---|---|
| AFFIXING TO DOOR | by affixing a true copy of each to the door of said premises, which is defendant's dwelling house/usual place of abode within the state. Deponent was unable, with due diligence to find the defendant or a person of suitable age and discretion, thereat, having called there on: |

December 19, 2002  AT  6:22 PM          December 30, 2002  AT  7:43 AM
January 2, 2003  AT  12:19 PM

| | |
|---|---|
| MAILING | Deponent enclosed a copy of same in a postpaid wrapper properly addressed to defendant at defendant's last known residence at |

44 COUNTRY ROAD
MAMARONECK, NY 10543

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on January 8, 2003 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL

Spoke with MRS. DEAK, NEIGHBOR who stated that the defendant lives at the afforementioned address but was unable to divulge the defendant's place of employment,

| | |
|---|---|
| MILITARY SERVICE | Person spoken to was asked whether the defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act. |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the defendant in this action.

MAR 2 0 2003
COUNTY CLERK

Sworn to me on:  January 8, 2003

JEFF CAMPOLO

JOE KNIGHT
Notary Public, State of New York
No. 01KN4808827
Qualified in New York County
Comm. Expires September 30, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2006

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2006

Invoice #: 319133

B199— Summons without  ⌐eme Court.    © 1993 JULIUS BLUMBERG, INC.
personal or subsit.    *2 pt. type, 4-94    PUBLISHER, NYC 10013



# Supreme Court of the State of New York
## County of   New York

Portfolio Financial Services Co., as
servicing agent for SFC Capital Group Corporation

                                                        Plaintiff(s)

                            against

Body Sculpt Fitness Clubs 79th Street Inc. and
Andrew F. Carino, Individually

                                                        Defendant(s)

Index No. 604135-02

Date purchased November 13, 200

Plaintiff(s) designate(s) New York

County as the place of trial.

The basis of the venue is
242 East 79th Street
New York, New York 10021

Amended **Summons**

Plaintiff(s) reside(s) at
2121 SW Broadway, 2nd Floor
Portland, Oregon 97201
County of NEW YORK
COUNTY CLERK'S OFFICE

AUG 1 3 2003

NOT COMPARED
WITH COPY FILED

To the above named Defendant(s)

   **You are hereby summoned** to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within    20    days after the service of this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated,  July 9, 2003

Defendant's address:
Body Sculpt Fitness Club 79th Street Inc.
242 East 79th Street
New York, New York 10021
c/o New York Secretary of State
41 State Street
Albany, New York 12231-0001

Andrew F. Carino
44 Country Road
Mamaroneck, New York 10543

Attorney(s) for Plaintiff

Office and Post Office Address

Richard L. Furman, Esq.
DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨
𝔆𝔬𝔲𝔫𝔱𝔶 𝔬𝔣   New York

Portfolio Financial Services Co., as
servicing agent for SFC Capital Group Corporation

                                        *Plaintiff(s)*

                    *against*

Body Sculpt Fitness Clubs 79th Street Inc. and
Andrew F. Carino, Individually

                                        *Defendant(s)*

Index No. 604135-02
Date purchased November 13, 2002
Plaintiff(s) designate(s) New York
County as the place of trial.

The basis of the venue is
242 East 79th Street
New York, New York 10021
Amended 𝔖𝔲𝔪𝔪𝔬𝔫𝔰

Plaintiff(s) reside(s) at
2121 SW Broadway, 2nd Floor
Portland, Oregon 97201
County of

FILED

AUG 1 3 2003

COUNTY CLERK'S OFFICE

To the above named Defendant(s)

        𝔜𝔬𝔲 𝔞𝔯𝔢 𝔥𝔢𝔯𝔢𝔟𝔶 𝔰𝔲𝔪𝔪𝔬𝔫𝔢𝔡 to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within   20   days after the service of this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated,  July 9, 2003                                Attorney(s) for Plaintiff

                                        Office and Post Office Address

Defendant's address:
Body Sculpt Fitness Club 79th Street Inc.
242 East 79th Street
New York, New York 10021
c/o New York Secretary of State
41 State Street
Albany, New York 12231-0001

Andrew F. Carino
44 Country Road
Mamaroneck, New York 10543

Richard L. Furman, Esq.
DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------x

PORTFOLIO FINANCIAL SERVICING CO., as
servicing agent for SFC CAPITAL GROUP            Index No. 604135/02
CORPORATION

                              Plaintiff,       AMENDED COMPLAINT

       - against -

BODY SCULPT FITNESS CLUBS 79TH STREET
INC. and ANDREW F. CARINO, Individually

                           Defendants.

-----------------------------------------------------------x



       Plaintiff, Portfolio Financial Servicing Co., as servicing agent for SFC Capital Group

Corporation ("SFC"), by its attorneys DeOrchis & Partners, LLP, as and for its Amended

Complaint, alleges as follows:

       1.  That at all times hereinafter mentioned, SFC was a corporation organized and existing

under the laws of the State of California and had a principal place of business at 1390 Willow

Pass Road, Concord, California.  SFC is in the business of providing throughout the United

States financing for the purchase or lease of various equipment and vehicles.

       2.  On or about April 28, 2000 SFC filed a voluntary Chapter 11 petition with the United

States Bankruptcy Court, Southern District of New York in an action entitled In re:  Jacom

Computer Services, Inc., Unicapital Corporation, et al.

       3.      As part of the bankruptcy proceedings, Portfolio Financial Servicing Co. (PFSC)

was appointed by the trustee as servicing agent to manage SFC's existing and delinquent loan

and lease agreements and to provide all other necessary services including, but not limited to, collecting bad debts and repossession of equipment

4.      Upon information and belief, Defendant Body Sculpt Fitness Clubs 79th Street Inc. ("Body Sculpt") was a corporation organized and existing under the laws of the State of New York, with a principal place of business at 242 East 79th Street, New York, New York.

5.      Upon information and belief, Defendant Andrew F. Carino is an individual who at all times referred to herein was president of Body Sculpt and resided at 5 New Street, Eastchester, New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST BODY SCULPT

6.      Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 of the complaint as if fully set forth herein.

7.      On or about April 28, 2000, Defendant Body Sculpt entered into a Lease Agreement with Plaintiff agreeing, for valuable consideration received, to pay to Plaintiff the sum of $76,994.28, in thirty-six (36) monthly installments of $2,138.73 each, in connection with the lease/purchase of certain gym equipment. Exhibit A.

8.      In or around January, 2000 Defendant Body Sculpt defaulted on its obligation by failing and refusing to make any additional payments to Plaintiff.

9.      Pursuant to the Lease Agreement, in the event of default in payment thereunder, the entire unpaid principal sum of the lease shall be immediately due and payable. The entire unpaid principal sum of the lease is $60,551.83.

10.      Therefore, by reason of the foregoing, Body Sculpt is liable to Plaintiff in the amount of $60,551.83.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST BODY SCULPT

11.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 10 of the complaint, as if fully set forth herein.

12.    Pursuant to the Lease, in the event of a late payment thereunder, Body Sculpt is liable to Plaintiff for late charges equal to seven percent (7%) of the payments in arrears.

13.    As of the date of this complaint, Body Sculpt has failed to remit numerous payments.

14.    By reason of the foregoing, Body Sculpt is liable to Plaintiff for late charges in the amount of at least $1,283.22.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ANDREW F. CARINO

15.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 of the complaint, as if fully set forth herein.

16.    In order to induce Plaintiff to enter into the Lease Agreement and as security to guarantee the payment and performance of all indebtedness and obligations of Defendant Body Sculpt to Plaintiff, Defendant Andrew F. Carino (hereinafter the "guarantor") entered into a personal Guaranty with Plaintiff dated April 28, 2000.  Exhibit A.

17.    By reason of the foregoing, the guarantor is liable to Plaintiff for all obligations and amounts due and owing under the Lease Agreement.

18.    By reason of the foregoing, the guarantor is liable to Plaintiff in the amount of $60,551.83 and late charges in the amount of at least $1,283.22.

3

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ANDREW F. CARINO

19.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18 of the complaint, as if fully set forth herein.

20.    The Lease Agreement and Guaranty Agreement all provide that in the event of default Defendants will pay all costs of collection, including attorneys fees and expenses, arising out of actions or legal proceedings brought by Plaintiff against Defendants.  Exhibit A.

21.    On or about October 19, 2001 Plaintiff sent notice to Body Sculpt and the guarantor demanding payment of the deficiency.  Exhibit B.

22.    Defendants, Body Sculpt and the guarantor failed and refused to pay the deficiency and continue to refuse to pay the amounts owed to Plaintiff.

23.    By reason of the foregoing, the Defendants are all jointly and severally liable to Plaintiff for reasonable attorneys fees and expenses in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendants Body Sculpt and Andrew F. Carino as follows:

(a)    On its First Cause of Action against Body Sculpt in the amount of $60,551.83;

(b)    On its Second Cause of Action against Body Sculpt in the amount of at least $1,283.22;

(c)    On  its Third Cause of Action against Andrew F. Carino in the amount of $60,551.83 and late charges in the amount of at least $1,283.22;

(d)    On its Fourth Cause of Action against Body Sculpt and Andrew F. Carino jointly and severally for reasonable attorneys fees and expenses in an amount to be determined at trial;

4

(e)    On all counts, interest, costs and fees of this action, together with attorneys

fees, and;

(f)    Such other and further relief that this Court may deem just and proper.

Dated:    New York, New York
          July 9, 2003

                                        DEORCHIS & PARTNERS, LLP
                                        Attorneys for Plaintiff

                                        By:
                                        Richard L. Furman
                                        61 Broadway, 26th Floor
                                        New York, New York 10006
                                        (212) 344-4700

W:\4255-008\Legals\Amendedcomplaint070203.Doc 8/12/03-RLF

5

Exhibit "A"

# LEASE AGREEMENT

**TO OUR VALUED CUSTOMER:** This ___ been written in "Plain English". When we use the words you and your in this Lease, we mean you, our customer, which ___ Lessee indicated below. When we use the words we, us and our in this Lease, we mean the Lessor, SFC Capital Group Corporation, 1396 Willow Pass Road Suite 250, Concord, CA 94520. (925) 671-9063

**CAPITAL**

**CUSTOMER INFORMATION**

| Lessee Name: Body Sculpt Fitness Clubs 79th Street Inc. | Telephone: 212-472-6700 | Approval #: SFC-3214-001 |
|---|---|---|
| Billing Street Address/City/State/Zip 242 East 79th Street New York, NY 10021 | | Lease # |
| Equipment Location (if other from above) 242 East 79th Street New York, NY 10021 | | Tax ID # 13-___ 408 8413 |

**SUPPLIER INFORMATION**

| Supplier Name: Unisen/StarTrac | ("Supplier") |
|---|---|
| Business Address/City/County/State/Zip 14410 Myford Road Irvine, CA 92606 | Supplier Phone # 800-228-6635 |

**EQUIPMENT DESCRIPTION**

| Quantity | Make/Model | Serial Number |
|---|---|---|
| | See Addendum attached hereto and made a part hereof | |

**TYPE OF LEASE PURCHASE OPTION**

(Check one applicable box. If no box is checked, the Fair Market Value Purchase Option will apply.)
- [ ] Fair Market Value Purchase Option
- [x] Fixed Price Purchase Option of $1.00
- [ ] Fixed Purchase Option of ____% of the Total Cash Price

PLUS APPLICABLE TAXES

**TERM AND PAYMENT SCHEDULE**

| Lease Term (months) 36 | Lease Payment $2,138.73 | You agree to pay at the time you sign this Lease: |
|---|---|---|
| Additional Provisions | | A) Total Advance Lease Payment (___ Mos.) ≈ $0.00 |
| | | B) Sales/Use Tax on Advance Lease ≈ $0.00 |
| | | C) One-time Documentation = $75.00 |
| | | D) Total of A + B + C ≈ $75.00 |

PLUS APPLICABLE TAXES

If more than one Lease Payment is required in advance, the additional amount will be applied at the end of the original or any renewal term.

**INSURANCE AND TAXES**

You are required to provide and maintain insurance related to the Equipment, and to pay any property, use and other taxes related to this Lease or the Equipment. (See Sections 4 and 6 on the back of this Lease.) If you are tax-exempt, you agree to furnish us with satisfactory evidence of your exemption.

**TERMS AND CONDITIONS**

BY SIGNING THIS LEASE: (I) YOU ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTAND THE TERMS AND CONDITIONS ON FRONT AND BACK OF THIS LEASE, (II) YOU AGREE THAT THIS LEASE IS A NET LEASE THAT YOU CANNOT TERMINATE OR CANCEL, YOU HAVE AN UNCONDITIONAL OBLIGATION TO MAKE ALL PAYMENTS DUE UNDER THIS LEASE, AND YOU CANNOT WITHHOLD, SET OFF OR REDUCE SUCH PAYMENTS FOR ANY REASON, (III) YOU WILL USE THE EQUIPMENT ONLY FOR BUSINESS PURPOSES, (IV) YOU WARRANT THAT THE PERSON SIGNING THIS LEASE FOR YOU HAS THE AUTHORITY TO DO SO AND TO GRANT THE POWER OF ATTORNEY SET FORTH IN SECTION 7 OF THIS LEASE, (V) YOU CONFIRM THAT YOU DECIDED TO ENTER INTO THIS LEASE RATHER THAN PURCHASE THE EQUIPMENT FOR THE TOTAL CASH PRICE, AND (VI) YOU AGREE THAT THIS LEASE WILL BE GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA AND YOU CONSENT TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CALIFORNIA. YOU AND WE EXPRESSLY WAIVE ANY RIGHTS TO A TRIAL BY JURY.

| Capital Group Corporation | Body Sculpt Fitness Clubs 79th Street Inc. |
|---|---|
| Authorized Signature | X Authorized Signature |
| Name & Title ___ 1/2/11 Date | Print Name & Title Andrew F. Carino Pres 4/28/00 Date |

## PERSONAL GUARANTY

THIS PERSONAL GUARANTY CREATES SPECIFIC LEGAL OBLIGATIONS. When we use the words you and your in this "Personal Guaranty", we mean the Personal Guarantor(s) indicated below. When we use the words we, us and our in this Personal Guaranty, we mean the Lessor named above.

In consideration of our entering into the lease agreement identified above ("Lease"), you unconditionally and irrevocably guarantee to us, our successors and assigns, the prompt payment and performance of all obligations of the Customer identified above (Lessee") under the Lease. You agree that this is a guaranty of payment and not of collection, and that we may proceed directly against you without first proceeding against the Lessee or against the equipment covered by the Lease. You waive all defenses and notices, including without limit, presentment and demand. You agree that we can renew, extend or otherwise modify the terms of the Lease and you will be bound by such changes. If the Lessee defaults under the Lease, you will immediately perform all obligations of the Lessee under the Lease, including but not limited to paying all amounts due under the Lease. You will pay all expenses (including attorneys' fees) incurred by us in enforcing our rights against you or the Lessee. This is a continuing guaranty that will not be discharged or affected by your death and will bind your heirs and personal representatives. You waive any rights to seek repayment from the Lessee in the event you must pay us. If more than one personal guarantor has signed this Personal Guaranty, each of you agree that your liability is joint and several. You authorize us or any of our affiliates to obtain credit bureau reports regarding your personal credit and make other credit inquiries that we determine are necessary.

THIS PERSONAL GUARANTY IS GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA. YOU CONSENT TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CALIFORNIA. YOU EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY.

| Personal Guarantor (no title) | X Personal Guarantor (no title) |
|---|---|
| ___ Carino Name | Print Name: |
| ___ Street, Eastchester, NY 10709 Address | Home Address: |
| ___ 3703 Social Security Number | 917-776-7727 Phone Number | Social Security Number | Phone Number |

LEASE; DELIVERY AND ACCEPTANCE. You agree to lease the equipment described on the front of the lease agreement (collectively "Equipment") on the terms and conditions shown on the front and back of this lease ("Lease"). If you have entered into any purchase or supply contract (collectively "Supply Contract") with the Supplier, you assign to us your rights under such Supply Contract, but none of your obligations (other than the obligation to pay for the Equipment if it is accepted by you as stated below and you timely deliver to us such documents and assurances as we request). If you have not entered into a Supply Contract, you authorize us to enter into a Supply Contract on your behalf. You will arrange for the delivery of the Equipment to you. When you receive the Equipment you agree to inspect it to determine if it is in good working order. This Lease will begin on the date when the Equipment is delivered to you and the Equipment will be deemed irrevocably accepted by you upon the earlier of: a) the delivery to us of a signed Delivery and Acceptance Certificate (if requested by us); or b) 10 days after delivery of the Equipment to you if previously you have not given written notice to us of your non-acceptance. The first Lease Payment is due on or before the date the Equipment is delivered to you. The remaining Lease Payments will be due on the day of each subsequent month (or such other time period specified on the front of this Lease) as signated by us. You will make all payments required under the Lease to us at such address we may specify in writing. You authorize us to adjust the Lease Payments by not more than 15% if the actual Total Cash Price (which is all amounts we have paid in connection with the purchase, delivery and installation of the Equipment) including any trade-up and buyout amounts) differs from the estimated Total Cash Price of the Equipment. If any Lease Payment or other amount payable to us under this Lease is not paid within 10 days of its due date, you will pay us a late charge not to exceed 7% of each late payment (or such other rate as is the maximum rate allowable under applicable law).

NO WARRANTIES. WE ARE LEASING THE EQUIPMENT TO YOU "AS-IS". YOU ACKNOWLEDGE THAT WE DO NOT MANUFACTURE THE EQUIPMENT, WE DO NOT REPRESENT THE MANUFACTURER OR THE SUPPLIER, AND YOU HAVE SELECTED THE EQUIPMENT AND SUPPLIER BASED UPON YOUR OWN JUDGEMENT. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR OTHERWISE. YOU AGREE THAT REGARDLESS OF CAUSE, WE ARE NOT RESPONSIBLE FOR AND YOU WILL NOT MAKE ANY CLAIM AGAINST US FOR ANY DAMAGES, WHETHER CONSEQUENTIAL, DIRECT, SPECIAL, OR INDIRECT. YOU AGREE THAT NEITHER SUPPLIER NOR ITS SALESPERSON, EMPLOYEE OR AGENT OF THE SUPPLIER IS OUR AGENT. IT HAS ANY AUTHORITY TO SPEAK FOR US OR BIND IS IN ANY WAY. WE TRANSFER TO YOU FOR THE TERM OF EACH SCHEDULE ANY WARRANTIES MADE BY THE MANUFACTURER OR SUPPLIER WITH RESECT TO THE EQUIPMENT LEASED.

EQUIPMENT LOCATION; USE AND REPAIR; RETURN. You will keep and use the Equipment at the Equipment Location shown on the front of this Lease. You may not move the Equipment without our written consent. At your own cost and expense, you will keep the Equipment eligible for any manufacturer's certification, in compliance with all applicable laws and in good condition, except for ordinary wear and tear. You will not make any alterations, additions or replacements to the Equipment without our prior written consent. All alterations, additions or replacements will become part of the Equipment and our property at no cost or expense to us. We may inspect the Equipment at any reasonable time. Unless you purchase the Equipment in accordance with this Lease, at the end of this Lease you will immediately deliver the Equipment to us in good condition as when you received it, except for ordinary wear and tear, to any place in the United States that we tell you. You will pay all expenses of deinstalling, crating and cpaing, and you will insure the Equipment for its full replacement value during shipping.

TAXES AND FEES. You will pay when due, either directly or to us upon demand, all taxes, fines and penalties relating to this Lease or the Equipment that are now or in the future assessed or levied by any ta, local or other government authority. We will file all personal property, use or other tax returns (unless we notify you otherwise in writing) and you agree to pay us a fee for making such filings. We do not have to contest any taxes, fines or penalties. You will pay estimated property taxes with each Lease Payment or annually, as invoiced.

LOSS OR DAMAGE. As between you and us, you are responsible for any loss, theft or destruction of, or damage to, the Equipment (collectively "Loss") from any cause at all, whether or not insured, until it is livered to us at the end of this Lease and comply with all other Lease obligation even if there is a loss. You are required to make all Lease Payments even if there is a Loss. You must notify us in writing immediately of any Loss. Then, at our option, you will either (a) repair the Equipment so that it is in good condition and working order, eligible to any manufacturer's certification, or (b) pay us the amount specified below.

WCE. You will provide and maintain at your expense (a) property insurance against the loss, theft or destruction of, or damage to, the Equipment for its full replacement value, naming us as loss payee, public liability and third party property insurance, naming us as an additional insured. You will give us certificates or other evidence of such insurance when requested. Such insurance will be in a form, and with companies acceptable to us, and will provide that we will be given 30 days advance notice of any cancellation or material change of such insurance. If you do not give us evidence of insurance acceptable to us, we have the right, but not the obligation, to obtain insurance covering our interest in the Equipment for the term of this Lease, including any renewal or extensions, from an insurer of our choice, luding an insurer that is our affiliate. We may add the costs of acquiring and maintaining such insurance and our fees for our services in placing and maintaining such insurance (collectively "Insurance Charge") the amounts due from you under this Lease. You will pay the Insurance Charge in equal installments allocated to the remaining Lease Payments. If we purchase insurance, you will cooperate with our insurance ent with respect to the placement of insurance and the processing of claims. Nothing in this Lease will create an insurance relationship of any type between us and any other person. You acknowledge that we not required to secure or maintain any insurance, and we will not be liable to you if we terminate any insurance coverage that we arrange. If we replace or renew any insurance coverage, we are not obligated provide replacement or renewal coverage under the same terms, costs, limits, or conditions as the previous coverage.

TITLE; RECORDING. We are the owner of and will hold title to the Equipment. You will keep the Equipment free of all liens and encumbrances. Unless the Purchase Option shown on the front of this ase is $1.00, you agree that this transaction is a true lease. However, if the transaction is deemed to be a lease intended for security, you grant us a purchase money security interest in the Equipment (including replacements, substitutions, additions, attachments and proceeds). You will deliver to us signed financing statements or other documents we request to protect our interest in the Equipment. YOU AUTHORIZE TO FILE A COPY OF THIS LEASE AS A FINANCING STATEMENT AND APPOINT US OR OUR DESIGNEE AS YOU ATTORNEY-IN-FACT TO EXECUTE AND FILE, ON YOUR BEHALF, FINANCING ATEMENTS COVERING THE EQUIPMENT.

DEFAULT. Each of the following is a "default" under this Lease (a) you fail to pay any Lease Payment or any other payment within 10 days of its due date, (b) you do not perform any of your obligations under Lease or in any other agreement with us or with any of our affiliates and this failure continues for 10 days after we have notified you of it, (c) you become insolvent, you dissolve or are dissolved, or you assign r assets for the benefit of your creditors, or enter (voluntarily or involuntarily) any bankruptcy or reorganization proceeding, (d) any guarantor of this Lease dies, does not perform its obligations under the ranty, or becomes subject to one of the events listed in clause (c) above, (e) you fail to keep the Equipment insured as required by Section 6 hereof or (f) you attempt to transfer or encumber the Equipment. REMEDIES. If a Default occurs, we may do one or more of the following (a) we may cancel or terminate this Lease or any or all other agreements that we have entered into with you, (b) we may require you to mediately pay us, as compensations for loss of our bargain and not as a penalty, a sum equal to the present value of all unpaid Lease Payments for the remainder of the term plus the present value of our cipated residual interest in the Equipment, each discounted at 5% per year, compounded monthly, plus (i) all other amounts due or that become due under this Lease, (c) we may require you to deliver the ipment to us as set forth in Section 3; (d) we or our agent may peaceably repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other son, and (e) we may exercise any other right or remedy available at law or in equity. You agree to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees. If we take session of the Equipment, we may sell or otherwise dispose of it with or without notice, at a public or private sale, and apply the net proceeds (after we have deducted all costs related to the sale or disposition he Equipment) to the amount that you owe us. You agree that if notice of sale is required by law to be given, 10 days' notice shall constitute reasonable notice. You will remain responsible for any amounts that after we have applied such net proceeds.

GNMENT, YOU MAY NOT ASSIGN, SELL, TRANSFER OR SUBLEASE THE EQUIPMENT OR YOUR INTEREST IN THIS LEASE. We may, without notifying you, sell, assign, or transfer this Lease or in the Equipment. YOU AGREE THAT THE NEW OWNER WILL HAVE THE SAME RIGHTS AND BENEFITS THAT WE HAVE NOW UNDER THIS LEASE BUT NOT OUR OBLIGATIONS. OF THE NEW OWNER WILL NOT BE SUBJECT TO ANY CLAIM, DEFENSE OR SET-OFF THAT YOU MAY HAVE AGAINST US. Following any assignment you will make all payments due under this se as directed by the new owner.

PURCHASE OPTION; AUTOMATIC RENEWAL. If no Default exists under this Lease, you will have the option at the end of the original or any renewal term to purchase at (but not less than all) of the ipment at the Purchase Option price shown on the front of this Lease, plus any applicable taxes. Unless the Purchase Option price is $1.00, you must give us at least 30 days written notice before the end of original term that you will purchase the Equipment or that you will deliver the Equipment to us in an address specified by us. If you do not give us such written notice or if you do not purchase or deliver the ipment in accordance with the terms and conditions of Lease, this Lease will automatically renew for an additional 12 month term and thereafter renew for successive one month terms until you deliver the ipment to us. During such renewal(s) the Lease Payment will remain the same. We may cancel an automatic renewal term by sending you written notice 10 days prior to such renewal term. If the Fair market lue Purchase Option has been selected, we will use our reasonable judgement to determine the Equipment's fair market value. If you do not agree with our determination of the Equipment's fair market value, fair market value (on a retail basis) will be determined at your expense by an independent appraiser selected by us. Upon payment of the Purchase Option price, we shall transfer our interest in the Equipment our "AS IS, WHERE IS" without any representation or warranty whatsoever and this Lease will terminate.

INDEMNIFICATION. You are responsible for any losses, damages, penalties, claims, suits and actions (collectively "Claims", whether based on a theory of strict liability or otherwise caused by or related to (a) manufacture, installation, ownership, use, lease, possession, or delivery of the Equipment or (b) any defects in the Equipment. You agree to reimburse us for and if we request, to defend us against, any ims.

CREDIT INFORMATION. YOU AUTHORIZE US OR ANY OF OUR AFFILIATES OR OUR ASSIGNS TO OBTAIN CREDIT BUREAU REPORTS, AND MAKE OTHER CREDIT INQUIRES THAT WE TERMINE ARE NECESSARY. ON YOUR WRITTEN REQUEST, WE WILL INFORM YOU WHETHER WE HAVE REQUESTED A CONSUMER CREDIT REPORT AND THE NAME AND ADDRESS OF ANY NSUMER CREDIT REPORTING AGENCY THAT FURNISHED A REPORT. YOU ACKNOWLEDGE THAT WITHOUT FURTHER NOTICE WE MAY USE OR REQUEST ADDITIONAL CREDIT BUREAU PORTS TO UPDATE OUR INFORMATION SO LONG AS YOUR OBLIGATIONS TO US ARE OUTSTANDING.

MISCELLANEOUS. You agree that the terms and conditions contained in this Lease make up the entire agreement between you and us regarding the lease of the Equipment. To the extent permitted by ficable law, you hereby waive any and all rights and remedies conferred upon a lessee by Sections 2A508 through 2A-522 of the Uniformed Commercial Code. This Lease is not binding on us until we sign it. change in any of the terms and conditions of this Lease must be in writing and signed by us. You agree, however, that we are authorized, without notice to you, to supply missing information or correct inure errors in this Lease. If we delay or fail to enforce any of our rights under this Lease, we will not be entitled to enforce those rights at a later time. All notices shall be given in writing by the party sending notice and shall be effective when deposited in the U.S. Mail, addressed to the party receiving the notice at its address shown on the front of this Lease (or to any other address specified by that party in writing) postage prepaid. All representations, warranties, indemnities and covenants made by you under this Lease will survive the termination of this Lease. It is the express intent of the parties not to violate any ficable usury laws or to exceed the maximum amount of time price differential or interest, as applicable, permitted to be charged or collected by applicable law, and any such excess payment will be applied to se Payments in inverse order of maturity, and any remaining excess will be refunded to you. If you do not perform any of your obligations under this Lease, we have the right, but not the obligation, to take action or pay any amounts that we believe are necessary to protect our interests. You agree to reimburse us immediately upon our demand for any such amounts that we pay. If more than one Lessee has signed Lease, each of you agree that your liability is joint and several.

ACCORD AND SATISFACTION. No endorsement or statement on any check or any letter accompanying any check or payment of Lease Payment be deemed and accord and satisfaction, and we may accept h check or payment without prejudice to our right to recover the balance of any Lease Payment or pursue other remedy.

# ORDER

For Internal Use Only

| | |
|---|---|
| No. _____ | Quotation No. 0019577TDA |
| Entered By _____ | Date  04/26/2000 |
| Date _____ | Expiration Date  05/08/2000 |

| Prepared By |
|---|
| Tim D. Andrews |

| Requested Delivery Date |
|---|
| / / |

| Purchase Order sfc-3214-001 |
|---|

| Division | CM | Zone | 13 | Class | CI | Sub-Class | |
|---|---|---|---|---|---|---|---|

sfc-3214-001
SFC Capital Group Corporation
1390 Willow Pass, Ste.350
Concord, CA  94520

Phone: (925) 671-9005

CI

S  Andy Carino
H  Body Sculpt Fitness Club
I  242 East 79th Street
P  New York, NY  10021

T
O  (212) 472-6700

| Qty. | Model | Description | Price | Amount |
|---|---|---|---|---|
| 2 | 9-3901-BUSAP0 | 3900 SERIES TREADMILL, NO HR, BLACK, 110 VOLT, USA | 3,450.00 | $27,600.00 |
| 2 | 9-4110-BUSAB0 | 4100 SERIES STEPPER, CONT, BLACK, BLANKET, USA | 1,995.00 | $3,990.00 |
| 5 | 9-4310-BUSAB0 | 4300 SERIES UPRIGHT BIKE, CONT, BLACK, BLANKET, US | 1,595.00 | $7,975.00 |
| 5 | 9-4410-BUSAB0 | 4400 SERIES RECUMBENT BIKE, CONT, BLACK, BLANKET | 1,795.00 | $8,975.00 |
| 4 | 9-4620-GUSAP0 | ELLIPTICAL EDGE W/ POLAR HEART RATE ONLY | 3,195.00 | $12,780.00 |
| 24 | INSIDE | INSIDE DELIVERY | | |
| | | Warranty: 2 Years parts and labor. | | |
| 1 | | Vendor Discount | -1,827.98 | $-1,827.98 |

| Taxable Amount | $59,492.02 | Sales Tax Rate | % | Sales Tax | |
|---|---|---|---|---|---|

Credit Card No. _____    Expiration Date _____

| Check No. | | Check Amount | 0.00 |
|---|---|---|---|

| Total | $59,492.02 |
|---|---|
| FOB   Origin | |

Warranty:  Standard

| Terms LEASE |
|---|

Comments: _____

| Comments: | Lease Notes: | Credit Notes: |
|---|---|---|
| | Lease program | |
| | 0 adv. / 36 / $, .03321, 12 % | |
| | @ $1975.73 + Tax per month | |

Exh.

"B"

Capital Group

Box 281397
nta, GA 30384-1397
)) 646-8532

October 19, 2001

Andrew F. Carino
5 New Street
Eastchester, N.Y. 10709

Re: Lease No. 1535180001 (Body Scuplt Fitness Club, 79th Street

Dear Guarantor,

As you are well aware, the above-referenced lease is in default. The amount in default at this time is $ 18,766.93.

Although repeated attempts have been made to get your cooperation in curing the default, payment has not been received; therefore, in accordance with the provisions of your lease agreement we are accelerating the lease and all amounts due under the lease are now due and payable.

The accelerated balance is $ 61,896.05 and demand is hereby made for payment of the entire amount due. Payment should be directed to SFC Capital Group and received by not later than October 29, 2001. Failure to comply with this demand will leave us no alternative but to take appropriate steps to protect our interests.

Please govern yourself accordingly.

If you have any specific questions you can contact me at 1-800-646-8532 extension 3183.

Sincerely,

*Julie A. Smith*

Julie A. Smith
Collection Specialist

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Andrew F Carino
Street, Apt. No.; or PO Box No.
5 New St.
City, State, ZIP+4
Eastchester, N.Y. 10709

7000 1670 0008 7768 2648



FILED

AUG 13 2003

COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _R. Richter_                          PART 24

_____
                    Justice

PORTFOLIO FINANCIAL SERVICES      INDEX NO.    604135/02

                                  MOTION DATE

- v -                             MOTION SEQ. NO.

BODY SCULPT FITNESS CLUB          MOTION CAL. NO.

NY'S SUPREME COURT RECEIVED
AUG 0 4 2003
I.A.S. MOTION SUPPORT OFFICE

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                      | PAPERS NUMBERED |

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...   | _____ |

Answering Affidavits — Exhibits _____   | _____ |

Replying Affidavits _____   | _____ |

Cross-Motion:  ☐ Yes   ☐ No

FILED
AUG 07 2003
NEW YORK
COUNTY CLERKS OFFICE

Upon the foregoing papers, it is ordered that this motion

Motion to Amend summons, and for leave
to Amend complaint granted
on default

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE

Dated:  8/1/03

Check one:  ☐ FINAL DISPOSITION      HON. ROSALYN RICHTER J.S.C.
                                     ☐ NON-FINAL DISPOSITION



## REQUEST FOR JUDICIAL INTERVENTION

UCS-840(REV 1/2000)

New York Supreme Court    New York    604135-02    November 13, 2002

COURT    COUNTY    INDEX NO.    DATE PURCHASED

**For Clerk Only**

7-18-03

IAS entry date

RIGHTER

Judge Assigned

7-24-03

MODI

RJI Date

PLAINTIFF(S):

Portfolio Financial Services Co., as servicing agent
for SFC Capital Group Corporation

DEFENDANT(S):

Body Sculpt Fitness Clubs 79th Street, Inc. and
Andrew F. Carino, Individually

COMMERCIAL JUDGE

Date issue joined: _____ Bill of particulars served (Y/N): _____ [X] No

NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[X] Notice of motion (return date: 07-24-03)
Relief sought  amendment of summons and complaint

[ ] Order to show cause
(clerk enter return date: _____)
Relief sought _____

[ ] Other ex parte application (specify:

_____ )

[ ] Notice of petition (return date: _____)
Relief sought _____

[ ] Notice of medical or dental malpractice action (specify: _____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____

AMEND.    FILED

AUG 07 2003

COUNTY CLERK'S OFFICE    NEW YORK

NATURE OF ACTION OR PROCEEDING (Check ONE box only)

MATRIMONIAL
[ ] Contested — CM
[ ] Uncontested — UM

COMMERCIAL
[X] Contract — CONT
[ ] Corporate — CORP
[ ] Insurance (where insurer is a party, except arbitration) — INS
[ ] UCC (including sales, negotiable instruments) — UCC
[ ] *Other Commercial — OC

REAL PROPERTY
[ ] Tax Certiorari — TAX
[ ] Foreclosure — FOR
[ ] Condemnation — COND
[ ] Landlord/Tenant — LT
[ ] *Other Real Property — ORP

OTHER MATTERS
[ ] * CONTRACT — OTH

TORTS

MALPRACTICE
[ ] Medical/Podiatric — MM
[ ] Dental — DM
[ ] *Other Professional — OPM

[ ] Motor Vehicle — MV
[ ] *Products Liability — PL

[ ] Environmental — EN
[ ] Asbestos — ASB
[ ] Breast Implant — BI
[ ] *Other Negligence — OTN

[ ] *Other Tort (including intentional) — OT

SPECIAL PROCEEDINGS
[ ] Art. 75 (Arbitration) — ART75
[ ] Art. 77 (Trusts) — ART77
[ ] Art. 78 — ART78
[ ] Election Law — ELEC
[ ] Guardianship (MHL Art. 81) — GUARD81
[ ] *Other Mental Hygiene — MHYG
[ ] *Other Special Proceeding — OSP

9-8-03
45 DAY RULE DATE

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

YES    NO                                          YES    NO
[ ]    [X] Municipality:                           [ ]    [X] Public Authority:
       (Specify_____)                   (Specify_____)

YES    NO
[ ]    [X] Does this action/proceeding seek equitable relief?
[ ]    [X] Does this action/proceeding seek recovery for personal injury?
[ ]    [X] Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

[X] Expedited: 0-8 months      ☐ Standard: 9-12 months      ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

       Has summons been served?              ☐ No       ☐ Yes, Date_____

       Was a Notice of No Necessity filed?   ☐ No       ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Richard L. Furman, Esq. | 61 Broadway, 26th Flr. | 212-344-4700 |
| ☐ | DeOrchis & Partners, LLP | New York, NY 10006 | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

RELATED CASES: (IF NONE, write "NONE" below)
Title          Index #          Court          Nature of Relationship

       I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:

                              _____
                                        (SIGNATURE)
                              Richard L. Furman, Esq.
                                  (PRINT OR TYPE NAME)
                              Plaintiff
                              _____
                                     ATTORNEY FOR


       ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

$185.00

DO NOT ~~ SH

RECEIPT
NEW YORK COUNTY CLERK
60 CENTRE STREET
NEW YORK, NY 10007
2141

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

V.

0 2 6 0 4 1 3 5

| DESCRIPTION | AMOUNT |
|---|---|
| COMMERCIAL | 160.00 |
| SURCHARGE | 25.00 |
| TOTAL | 185.00 |
| DESK | 185.00 |

CONS   CASHIER   DATE   TIME   TERM
7720   1335    02 NOV 13   3:46 PM   41-2

4255-008

RES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------x

PORTFOLIO FINANCIAL SERVICING CO., as
servicing agent for SFC CAPITAL GROUP
CORPORATION

                                    Plaintiff,

            - against -

BODY SCULPT FITNESS CLUBS 79TH STREET
INC. and ANDREW F. CARINO, Individually

                                    Defendants.

------------------------------------------------------x

M0000530

Index No. 604135/02

NOTICE OF MOTION
TO AMEND SUMMONS
AND OF MOTION FOR LEAVE TO
AMEND COMPLAINT

PLEASE TAKE NOTICE, that upon the affidavit of Richard L. Furman, sworn to the 9th

day of July, 2003, the summons and complaint heretofore served herein and the proposed

amended summons and proposed amended complaint, all of which are annexed hereto, a motion

pursuant to CPLR 305 (c) and a motion pursuant to CPLR 3025 (b) will be made at a Term of

this court before the Motion Support Office, room 130, to be held at the courthouse thereof,

located at 60 Centre Street, on the 24th day of July, 2003, at 9:30 o'clock in the morning of that

day, or as soon thereafter as counsel can be heard, for an order amending the summons to

conform with the proposed amended summons, upon the ground that the original summons failed

to specify the index number, the date the index number was purchased, the plaintiff's address,

and the defendants' addresses, and for such other and further relief as may be just, proper and

equitable and for an order amending the complaint to conform with the proposed amended

complaint, on the ground that the original complaint contained clerical errors.

    The above-entitled action was brought for breach of contract.

FILED

AUG 07 2003

NEW YORK
COUNTY CLERK'S OFFICE

Dated:  New York, New York
        July 9, 2003

                                        _____
                                        Richard L. Furman, Esq.
                                        DeOrchis & Partners, LLP
                                        Attorneys for Plaintiff
                                        61 Broadway, 26th Floor
                                        New York, New York 10006-2802
                                        (212) 344-4700

To:     Body Sculpt Fitness Club 79th Street Inc.
        242 East 79th Street
        New York, New York 10021
        c/o New York Secretary of State
        41 State Street
        Albany, New York 12231-0001

        Andrew F. Carino
        44 Country Road
        Mamaroneck, New York 10543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------x

PORTFOLIO FINANCIAL SERVICING CO., as
servicing agent for SFC CAPITAL GROUP
CORPORATION

                              Plaintiff,

          - against -

BODY SCULPT FITNESS CLUBS 79TH STREET
INC. and ANDREW F. CARINO, Individually

                              Defendants.

-------------------------------------------------------x

AFFIDAVIT IN SUPPORT OF
MOTION TO AMEND SUMMONS
AND MOTION FOR LEAVE TO SERVE
AMENDED COMPLAINT FORM

Index No. 604135/02

Richard L. Furman, being duly sworn, deposes and says:

1.  I am the attorney for the plaintiff in the above entitled action, and am familiar with all of the facts and circumstances heretofore had herein.  This action was commenced by the service of a summons and complaint on the 20th day of December, 2002, personally, within the State of New York against Body Sculpt Fitness Clubs 79th Street Inc. and on the 2nd day of January, 2003, personally, within the State of New York, against Andrew F. Carino.  The index number of this action is 604135/02.

2.  The above entitled action was brought against the defendants for breach of contract

3.  Annexed hereto, and marked as Exhibit "A," is a copy of the summons originally served in this action on all defendants.  The summons heretofore served failed to specify an index number, the date of purchase of the index number, plaintiff's address and defendants' addresses.

4.  The proposed amended summons, marked Exhibit "B" hereto, contains the index number, the date of purchase of the index number, plaintiff's address and defendants' addresses.

5. Amendment of the summons will not prejudice any substantial right of the defendant because the omissions referred to in paragraph 4 are mere irregularities and are not jurisdictional defects.

6. Annexed hereto, and marked as Exhibit "C," is a copy of the complaint originally served in this action on all defendants. The complaint contains the following clerical errors: (i) "SFC" is incorrectly mentioned in the heading for the first cause of action on page 2; (ii) "SFC" is incorrectly mentioned in the heading for the second cause of action on page 3 ; (iii) "SFC" is incorrectly mentioned in paragraph 12; and (iv) "Patterson Trucking" is incorrectly mentioned in paragraphs 13 and 14.

7. The proposed amended complaint, marked as Exhibit "D" hereto, incorporates correction of the clerical errors set forth in paragraph 6. Such corrections are as follows: (i) "SFC" is replaced with "Body Sculpt" in the heading for the first cause of action on page 2; (ii) "SFC" is replaced with "Body Sculpt" in the heading for the second cause of action on page 3; (iii) "SFC" is replaced with "Body Sculpt" in paragraph 12; and (iv) "Patterson Trucking" is replaced with "Body Sculpt" in paragraphs 13 and 14.

8. The only respect in which the proposed amended complaint differs from the original complaint is in the correction of clerical errors. It is evident, therefore, that there is no change in the nature or substance of the cause of action.

9. No previous application for the relief herein prayed for has been made.

10. Your deponent has fully and fairly stated the facts and has a good and meritorious cause of action.

WHEREFORE, deponent respectfully asks for an order granting leave to amend the

summons herein to conform with the annexed proposed amended summons and an order permitting him to serve an amended complaint in accordance with the annexed proposed amended complaint.


Dated: New York, New York
      July 9, 2003

Richard L. Furman, Esq.

Exhibit "A"

© 1993 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

*Supreme Court of the State of New York*
*County of* New York

Portfolio Financial Servicing Co., as
servicing agent for SFC Capital Group Corporation

*Plaintiff(s)*

*against*

Body Sculpt Fitness Clubs 79th Street Inc. and
Andrew F. Carino, Individually

*Defendant(s)*

Index No.
Date purchased

Plaintiff(s) designate(s)

County as the place of trial.

The basis of the venue is
242 East 79th Street, New York,
New York 10021

*Summons*

Plaintiff(s) reside(s) at

County of

To the above named Defendant(s)

*You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within    20    days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

Dated,  11/13/02

Defendant's address:

Attorney(s) for Plaintiff
Office and Post Office Address
Richard L. Furman, Esq.
DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, NY 10006-2802
(212) 344-4700

Exhibit B

© 1993 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

# Supreme Court of the State of New York
## County of New York

**Portfolio Financial Services Co., as servicing agent for SFC Capital Group Corporation**

*Plaintiff(s)*

*against*

**Body Sculpt Fitness Clubs 79th Street Inc. and Andrew F. Carino, Individually**

*Defendant(s)*

Index No. 604135-02

Date purchased November 13, 2002

Plaintiff(s) designate(s) New York

County as the place of trial.

The basis of the venue is
242 East 79th Street
New York, New York 10021

Amended **Summons**

Plaintiff(s) reside(s) at
2121 SW Broadway, 2nd Floor
Portland, Oregon 97201
County of

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within         days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, July 9, 2003

Defendant's address:
Body Sculpt Fitness Club 79th Street Inc.
242 East 79th Street
New York, New York 10021
c/o New York Secretary of State
41 State Street
Albany, New York 12231-0001

Andrew F. Carino
44 Country Road
Mamaroneck, New York 10543

Attorney(s) for Plaintiff

Office and Post Office Address

Richard L. Furman, Esq.
DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Exhibit C