```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        -against-                      ORDER
                                       08-CR-0655 (JS)
CHRISTIAN GEROLD TARANTINO,

               Defendant.
----------------------------------X
APPEARANCES
For the Government: James M. Miskiewicz, Esq.
                    Sean C. Flynn, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, NY 11722

For Defendant:      Frank Anthony Doddato, Esq.
                    Law Offices of Frank A. Doddato, PC
                    666 Old Country Road, Suite 501
                    Garden City, NY 11530

                    Stephen Rosen, Esq.
                    100 Almeria Avenue, Suite 205
                    Coral Gables, FL 33134
```

SEYBERT, District Judge:

On December 30, 2012, the Defendant moved to exclude the Gargiulo Tape on the ground that an over-recording in the so-called "designated area" renders the Tape inauthentic and inadmissible. (Docket Entry 306.) Following February's evidentiary hearing on this issue, the Court denied the Defendant's motion and indicated that a written opinion would follow. (Docket Entry 341.) The following discussion briefly sets forth the Court's basis for denying the Defendant's motion.

There is no question that the Gargiulo Tape[1] is interrupted by an approximately 18-second segment that sounds nothing like the recorded conversation heard on the remainder of the designated area. It is less clear, however, when the over-recording was made. The Defendant maintains that it was there at least as long as law enforcement has been in possession of the Gargiulo Tape. (Docket Entry 327 at 1.) If this is true, then the FBI's audio examiner, Kenneth Marr, either failed to notice the over-recording when he examined the original microcassette or lied about it when he testified during earlier proceedings that the designated area was continuous, unaltered, and authentic. The Government, although it cannot pinpoint precisely when the over-recording happened, argues that the over-recording had to have been made after the Government began preparing for the first trial and that an authentic copy of the Gargiulo Tape (without the over-recording) is admissible at the retrial.

The evidence at the February hearing disproves the Defendant's contention that the over-recording was present when law enforcement first obtained the Gargiulo Tape (or, for that matter, when Marr first analyzed the microcassette for the expert report he issued in 2005). In particular, the

---

[1] As used in this opinion, the phrase "Gargiulo Tape" refers to the original microcassette that was received by the NYPD and later given to the FBI.

2

Defendant's first audio expert, Paul Ginsberg, testified that he made digital copies of the Gargiulo Tape in July 2009. He identified CDs containing these duplicates, which were admitted into evidence at the hearing as GX 7A, 7B, and 7C. (February 29, 2012 Hrg. T. 360, 362-64.) As the Government notes, none of these duplicates contain the over-recording. It follows, then, that the microcassette could not contained the over-recording prior to July 2009. None of the Defendant's evidence is to the contrary: neither Tom Owen nor Norm Dotti could say when the over-recording was made. (February 28, 2012 Hrg. T. 280, 337.)

The next issue is whether a copy of the Gargiulo Tape that does not contain the over-recording is admissible at the Defendant's retrial. The Court concludes that it is, in large part based on the Second Circuit's reasoning in <u>United States v. Maxwell</u>, 383 F.2d 437 (2d Cir. 1967). In that case, law enforcement agents permitted a miniform wire and audio tape containing a recording of an incriminating conversation to be re-used (and thus taped-over) on the mistaken belief that the evidence was no longer needed. The Second Circuit found no error in the district court's admitting a transcript of the lost recordings because the transcript had not been shown to be untrustworthy and because the original recordings had not been purposefully destroyed by the prosecution in an effort to prevent the audio from being played. <u>Id.</u> at 442-443. In the

3

present case, although there is disagreement over who caused the over-recording--Mr. Marr during a witness preparation session or Mr. Owen during a defense audio examination--there is no evidence that the Government purposefully deleted a brief, irrelevant segment of the recording. See id. at 442 ("The deletion of the inaudible, irrelevant and repetitive portions of a tape, however, does not render it inadmissible." (citing United States v. Knohl, 879 F.2d 427 (2d Cir. 1967)); see also FED. R. EVID. 1004 (providing that other evidence of a recording is admissible if the original is "lost or destroyed, and not by the proponent acting in bad faith").

                                  SO ORDERED.

                                  /s/ JOANNA SEYBERT_____
                                  Joanna Seybert, U.S.D.J.

Dated:    June 8, 2012
           Central Islip, New York