

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*United States Attorney's Office*

*610 Federal Plaza*
*Central Islip, New York  11722-4454*

November 15, 2012

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

      Re:  United States v. Christian Tarantino
          Criminal Docket No. 08-00655(JS)

Dear Judge Seybert:

The government respectfully submits this letter in response to the November 14, 2012 motion by counsel for the above-named defendant seeking leave to withdraw. Mot. to Withdraw, Doc. No. 406.

At present, only one motion remains pending before the Court, namely the defendant's motion to dismiss Count One of the Indictment. That motion was filed after the defendant obtained leave from the Court to adjourn sentencing for the third time to November 30, 2012, specifically to prepare for sentencing, and despite the Probation Department's observation of a failure to cooperate in the preparation of the Presentence Report. See PSR ¶¶ 131-132, 136, 160-165. The government filed its response in opposition to the most recent motion to dismiss on November 13, 2012. Doc. No. 405.

Now the defendant seeks to further delay these proceedings by manufacturing a conflict with counsel of record where none exists. Specifically, counsel's motion to withdraw is premised on the defendant's claim of a disagreement over a motion to suppress the testimony of a cooperating co-conspirator by vicariously asserting a "false arrest" motion. Mot. to Withdraw at ¶4. No legal authority is given for such a claim nor does any appear to exist, and fundamentally, such disagreements do not equal the type of "extraordinary" attorney misconduct that may excuse a defendant's untimely filing of a motion, at least in the context of seeking habeas relief. See Holland v. Florida, ___ U.S. ___, ___; 130 S.Ct. 2549, 2565 (2010).

Among the factors a court must weigh in determining

whether or not to grant a motion to withdraw and substitute counsel is "whether the conflict between the defendant and his attorney was so great that it resulted in a 'total lack of communication preventing an adequate defense.'" United States v. John Doe No. 1, 272 F.3d 116, 123 (2d Cir. 2001)(citations omitted). When a defendant articulates the basis for the claimed conflict, a court may rule and deny on the basis of the motion papers without conducting a hearing. United States v. Bliss, 430 F.3d 640, 651 (2d Cir. 2005).

Here, the defendant's alleged conflict with counsel arises over a purported "false arrest" motion to suppress testimony, which in turn is premised on arguments already made in the now pending motion to dismiss Count One. Claiming a "conflict" with counsel of record under these circumstances is meritless. This court has "wide discretion to refuse to permit counsel to withdraw if there is no good reason to delay proceedings." G. Mehler, J. Gleeson, D. James, Federal Criminal Practice: A Second Circuit Handbook, 12th Ed., §12-13 (citation omitted). The grounds offered here are transparently aimed at delaying sentencing, and do not form a basis for finding a conflict "so great that it resulted in a 'total lack of communication preventing an adequate defense.'" John Doe No. 1, supra. Accordingly, the motion to permit counsel's withdrawal should be denied.

Insofar as the defendant seeks to replace counsel of record with attorney Eliza Stahl, Esq., Mot. to. Withdraw, Exhibit A, the government notes that Ms. Stahl is married to an individual who may have been present when Manon Mulligan surrendered to the defendant a letter received from Vincent Gargiulo referencing the tape recording and the possibility of divulging the tape to the FBI. Trial Tr. at 1174-76, 1325-27, 1788. The letter and its surrender to Tarantino associates has been the subject of testimony as well as pre-trial and post-trial motions. Court's Mem. and Order Denying Rule 33 Motions, Doc. No. 404 at 14-17. Given these circumstances, should present counsel's withdrawal motion be granted, the government submits that "appointment" of Ms. Stahl would unnecessarily delay these proceedings and, for reasons set forth below, is unnecessary since, as even the defendant concedes, he may proceed at this time pro se if he knowingly and voluntarily agrees to forego his right to counsel. Permitting Ms. Stahl to act as replacement counsel, however, will require exploration of possible conflicts and a determination by the Court as to whether such conflicts are waivable or require disqualification.

Such a diversion is un-necessary because it is clear that the Sixth Amendment provides not only that a criminal defendant is entitled to counsel but also that a criminal defendant has the

right to represent himself.  Faretta v. California, 422 U.S. 806 (1975).  A defendant's waiver of the right to counsel, however, must be knowing and intelligent.  Dallio v. Spitzer, 343 F.3d 553, 561 (2d Cir. 2003) (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)).

        In Dallio, the Second Circuit held that while explicit warnings as to the dangers and disadvantages of self-representation are not a constitutionally mandated prerequisite to a knowing and intelligent waiver of the right to counsel, such warnings are advisable.  Dallio, 343 F.3d at 555.  See Faretta, 422 U.S. at 835 (holding that a defendant waiving the right to counsel "should be made aware of the dangers and disadvantages of self-representation" such that the record is clear that "he knows what he is doing and his choice is made with eyes open").

        In light of the Second Circuit's endorsement of Faretta warnings, see United States v. Fore, 169 F.3d 104, 108 (2d Cir. 1999), the government requests that such warnings be given to the defendant prior to relieving counsel of record and proceeding to sentencing.  With respect to the content of such warnings, the Second Circuit has made clear that there is no formulaic dialogue that is required.  Fore, 169 F.3d at 107 ("[D]istrict courts are not required to follow a formulaic dialogue with defendants wishing to waive their Sixth Amendment rights to counsel, and we decline to impose a rigid framework."); see also United States v. Davis, 269 F.3d 514, 518-19 (5th Cir. 2001) (noting that although the court "has consistently required trial courts to provide Faretta warnings," there is "no sacrosanct litany for warning defendants against waiving the right to counsel," and district courts must exercise discretion "[d]epending on the circumstances of the individual case"); United States v. Lopez-Osuna, 242 F.3d 1191, 1199 (9th Cir. 2001) (rejecting "use [of] a particular script" to assess knowing and intelligent waiver).  One circuit, however, has cited the model inquiry set forth in the Bench Book for United States District Judges as indicative of the nature of the inquiry courts should make of defendants desiring to represent themselves.  See United States v. McDowell, 814 F.2d 245 (6th Cir. 1987).

        For the reasons set forth above, the government requests that the motion to withdraw and substitute counsel be denied; that the defendant be advised of his right to proceed pro se as well as its risks, and that should the defendant knowingly and voluntarily opt to proceed without counsel of record, that sentencing proceed, as scheduled, on November 30, 2012.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:      /S/_____
        James Miskiewicz
        Carrie Capwell
        Sean Flynn
        Assistant U.S. Attorneys

cc:  All Counsel of Record (via ECF)
     U.S. Probation Department (EDNY)