```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM & ORDER
        -against-                       08-CR-0655(JS)

CHRISTIAN GEROLD TARANTINO,

              Defendant.
----------------------------------X
APPEARANCES
For the Government: Carrie N. Capwell, Esq.
                    Sean C. Flynn, Esq.
                    James M. Miskiewicz, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, NY 11722

For Defendant:      Todd Scher, Esq.
                    Law Office of Todd G. Scher
                    398 E. Dania Beach Blvd. #300
                    Dania Beach, FL 33004
```

SEYBERT, District Judge:

Currently pending before the Court is Defendant Christian Gerold Tarantino's ("Defendant") motion to dismiss his September 23, 2008 Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Also pending before the Court is a request by the United States (the "Government") that the Court order Defendant to comply with the previous Order dated December 13, 2010 (the "December 2010 Order") requiring Defendant to return all copies of Jencks Act or Section 3500 material to the Government, and Defendant's motion to amend the December 2010 Order. For the following reasons, Defendant's motion to dismiss the Indictment is DENIED, the Government's

motion regarding the December 2010 Order is DENIED, and Defendant's motion to amend the December 2010 Order is GRANTED.

BACKGROUND

Defendant's current motion is the latest in a series of motions challenging Defendant's ultimate convictions and seeking dismissal in some form prior to Defendant's sentencing. Accordingly, the Court has repeatedly outlined the facts of this case in various Orders, with which the Court presumes familiarity. (See, e.g., Docket Entries 404, 420.) Briefly, on September 23, 2008, a four-count Indictment charged Defendant with: (1) the 1994 murder of armored car guard Julius Baumgardt; (2) the 1994 murder of Louis Dorval; (3) Conspiracy to Commit the Obstruction-of-Justice Murder of Vincent Gargiulo; and (4) the 2003 murder of Vincent Gargiulo.

A jury trial commenced before this Court on March 28, 2011. On May 23, 2011, a jury convicted Defendant of the Baumgardt and Dorval murders, but did not reach a verdict on Counts Three and Four of the Indictment. This Court held a re-trial on the two remaining counts beginning on April 23, 2012. A jury subsequently convicted Defendant of Conspiracy to Commit the Obstruction of Justice Murder of Vincent Gargiulo and acquitted Defendant on the Obstruction-of-Justice Murder of Vincent Gargiulo.

For various reasons, this Court has postponed sentencing. Currently, Defendant is to be sentenced before this Court on April 24, 2013.

On April 2, 2013, Defendant filed the pending motion to dismiss the Indictment for lack of jurisdiction. According to Defendant, the Government withheld FBI case agent Robert Schelhorn's testimony before the regular grand jury in 2005 and 2006 from the defense in violation of the Jencks Act, 18 U.S.C. § 3500 ("Section 3500"). Moreover, Defendant asserts that Agent Schelhorn's testimony before the grand jury in 2005 suggests that the grand jury served for nearly three years and that the September 23, 2008 Indictment therefore failed to invoke the Court's jurisdiction. The Government disputes Defendant's claims and further requests that this Court order Defendant to comply with the December 2010 Order requiring Defendant to return all copies of Jencks Act or Section 3500 material to the Government.

## DISCUSSION

The Court will first address Defendant's assertion that the Government violated the Jencks Act before turning to Defendant's argument that the Indictment be dismissed for lack of jurisdiction and the issues regarding the December 2010 Order.

I.  The Jencks Act

The Court can dispense of this argument quickly.  The Jencks Act, 18 U.S.C. § 3500, provides that

> after a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as herein defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.  If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b).  Defendant maintains that the grand jury testimony of Agent Schelhorn in 2005 and 2006 is Section 3500 material, and that the Government withheld said testimony.

Defendant, however, appears to make this argument from whole cloth, and the Government has produced more than ample proof that Defendant's assertion is completely without merit.  For example, Docket Entry 166 in this case is a letter to the Court from the Government dated January 13, 2011.  In it, the Government outlines efforts by former defense counsel, Mr. Michael Rosen, Esq., to obtain the 2005 and 2006 grand jury transcripts.  After repeatedly asserting that such materials were not 3500 materials, the letter notes that the Government disclosed the transcripts.  (Docket Entry 166 ("Again, the government has, earlier today, marked and disclosed these

transcripts although again, in the government's view they fall outside of the Court's order regarding early 3500 production and certainly well outside of the definitions set forth in 18 U.S.C. § 3500.").)  Moreover, as the Government notes in its opposition to Defendant's current motion, minutes from the Mastrangelo hearing reveal that former defense counsel used the 2005 grand jury transcript in his cross examination of Agent Schelorn. (Gov't Opp., Docket Entry 422, Ex. C.)  Thus, Defendant's blind assertion that the Government violated the Jencks Act is without merit, and Defendant's motion in this respect is DENIED.

II. The Indictment

Defendant also argues that the timeline of events indicates that the grand jury served in excess of the time restraints imposed by Federal Rule of Criminal Procedure 6, and therefore the Indictment failed to invoke the Court's jurisdiction.

Federal Rule of Criminal Procedure 6(g) provides that "[a] grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service.  An extension may be granted for no more than 6 months, except as otherwise provided by statute." FED. R. CRIM. P. 6(g).  Here, however, that there was grand jury testimony in 2005 does not necessarily imply that the 2008

Indictment was flawed. Rather, the federal rules and case law within this and other circuits contemplate continuing investigations and successive grand juries.

Federal Rule of Criminal Procedure 6(e)(C) allows for the disclosure of "any grand-jury matter to another federal grand jury." See also United States v. Halper, 470 F. Supp. 103, 105 (S.D.N.Y. 1979) (noting the ability of a successor grand jury to consider much the same evidence as its predecessor). Moreover, there is nothing particularly uncommon about a successor grand jury nor does it necessarily require dismissal of the Indictment. See United States v. Contenti, 735 F.2d 628, 630 (1st Cir. 1984) (district court did not erroneously deny motion to dismiss indictment where investigation was transferred to a second grand jury after the first grand jury expired); United States v. Leeper, No. 06-CR-0058, 2006 WL 1455485, at *5 n.7 (W.D.N.Y. May 22, 2006) ("[T]he law is clear that a prosecutor may seek indictment before different or successive grand juries."); United States v. Kenner, 36 F.R.D. 391, 393 (S.D.N.Y. 1965) (use of successive grand jury did not warrant dismissal of indictment).

Without more, therefore, Defendant's contention that the timeline suggests some impropriety is meritless, and the motion to dismiss the Indictment for lack of jurisdiction is DENIED.

III. December 2010 Order

        Finally, the Government points to the Court's December 2010 Order requiring Defendant to return Section 3500 material at the end of trial. The December 2010 Order provides, in its entirety

> 1. All 18 U.S.C. § 3500 material and copies thereof shall be returned to the Government at the close of the trial.
>
> 2. The defendant and defense counsel are prohibited from disclosing or disseminating any Section 3500 material or copies thereof to anyone other than the defendant, his counsel, or investigators or staff assisting defendant counsel. Any such staff shall be informed of, and shall be bound by, the entirety of this Order.
>
> 3. The defendant is prohibited from taking Section 3500 material, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of his defense counsel or staff assisting defense counsel.

(Docket Entry 112.) The re-trial in this case ended on May 14, 2012. Thus, at the very least, all Section 3500 material should have been returned to the Government at that time. However, Defendant has attached to his current motion a portion of the grand jury transcript from July 15, 2008. (D's Mot. to Dismiss, Docket Entry 421, Ex. 1.) Thus, it appears that Defendant is still in possession of at least some 3500 material.

Defendant moves to amend the December 2010 Order so that defense counsel may retain the Section 3500 material until the conclusion of the appellate process. (Docket Entry 424.) Although the December 2010 Order had been proposed, and agreed to, by both parties (see Docket Entry 109), the Court finds that "[i]t is not irregular for courts to provide access to sensitive discovery material through appeals." United States v. Basciano, No. 03-CR-0929, 2006 WL 2270432, at *4 (E.D.N.Y. June 30, 2006). Accordingly, the Court GRANTS Defendant's motion to amend the December 2010 Order to allow defense counsel, assuming he also continues to be appellate counsel, to retain Section 3500 through appeal. In making this determination, the Court notes the highly sensitive nature of the materials. To the extent that Defendant has any materials in his possession or retained at the MDC, the Court ORDERS that Defendant provide these materials to counsel, and that only defense counsel retain the Section 3500 material. The portion of the December 2010 Order which prohibits Defendant from disseminating these materials in any way or retaining them in any jail facility except specifically in the presence of defense counsel or defense counsel staff remains in effect.

## CONCLUSION

Defendant's motion to dismiss the Indictment is DENIED, the Government's request that Defendant be ordered to

immediately return Section 3500 materials is DENIED, and Defendant's motion to amend the December 2010 Order is GRANTED as specified above.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __19__, 2013
       Central Islip, New York