

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMM:CNC:SCF
F.#2003R02020

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

April 22, 2013

**By Hand and ECF**

The Honorable Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

                Re:  United States v. Christian Tarantino
                     Criminal Docket No. 08-655 (JS)

Dear Judge Seybert:

        The United States respectfully submits this letter in connection with sentencing proceedings in the above-referenced criminal matter, which are currently scheduled for Wednesday, April 24, 2013, at 10:00 a.m.  Defendant Christian Tarantino (hereinafter, the "defendant" or "Tarantino") faces three mandatory life sentences for his orchestration of the murders of Julius Baumgardt, Louis Dorval and Vincent Gargiulo during a nine-year period between 1994 and 2003.  Even if the sentences here were discretionary, given the nature of the crimes committed and his violent past, the government contends that if any defendant deserves to spend the rest of his life behind bars, it is Christian Tarantino.  In presiding over this criminal matter for the better part of five years, which has included two, separate, multi-week trials, this Court is now keenly aware that Tarantino is a cold and calculating individual with an unbridled violent nature who should never again be permitted to live within the confines of a civilized society.

        At the outset, the government notes that it has no objection to the facts, Guidelines calculations or the sentencing recommendation of life imprisonment contained in the October 5, 2012 Presentence Investigation Report prepared by the United States Probation Department.  Indeed, although a life sentence is mandatory in this instance, it is also necessary when considering the statutory sentencing factors set out at 18 U.S.C. § 3553(a).  In particular, a life sentence is needed to reflect the nature

and circumstances of Tarantino's multiple offenses as well as his history and characteristics, which are riddled with crimes and violence.  A life sentence is also required here to reflect the seriousness of the defendant's multiple murders, to promote respect for the law and to provide just punishment.  See 18 U.S.C. § 3553(a)(1), (2).

The defendant now stands convicted of participating in an armored car robbery in Syosset, New York in June 1994 with three other men, including his criminal associates Louis Dorval and Scott Mulligan.  During that robbery, in which Tarantino armed himself with a sawed-off shotgun, Julius Baumgardt, then 46 years old, was killed by a single bullet fired through the back of his head.  Later, during the summer of 1994, fearing that Dorval would implicate him in the Baumgardt murder, Tarantino went shopping at a Home Depot for what he planned would be Dorval's coffin – a three foot by four foot Tuffbin toolbox. After luring Dorval to his execution, Tarantino stuffed Dorval's body into the toolbox and dumped it approximately five miles off the coast of Long Island from the back of a yacht owned by another Merrick, Long Island resident, Craig Miller.

Nine years later, Tarantino promised Justin Bressman, a worker at one of his Synergy Fitness centers, $35,000 to murder Vincent Gargiulo.  Bressman succeeded in shooting Gargiulo through the bridge of his nose, leaving him to die on a Manhattan street corner.[1]  Tarantino orchestrated Gargiulo's murder – a man he knew since childhood and considered one of his closest friends – in order to prevent Gargiulo from providing the Federal Bureau of Investigation with, among other evidence, the "Gargiulo recording," a microcassette tape which contains Tarantino admitting to his role in both the prior killings.  Furthermore, and although Tarantino has been convicted of three separate murders, the Gargiulo recording contains explicit statements by Tarantino in which he admits to participating in the 1989 murder of a fourth man who had apparently "embarrassed" him.

During the proceedings of this criminal case, the Court has also heard detailed evidence concerning Tarantino's life of crime beyond his multiple murders.  Tarantino has been convicted six separate times for assault.  He has been convicted on multiple other occasions for drug offenses.  Tarantino has been convicted of grand larceny, possession of stolen property, attempted forgery and driving under the influence.  Moreover, in

---

[1]Bressman was reported missing by his family a few weeks after Gargiulo's murder.  Almost a decade later, his whereabouts remain unknown.

3

interviewing the numerous witnesses who have known Tarantino throughout his life, the government has heard chapter and verse concerning the defendant's truly violent character.  Between 1993 and 1994, Tarantino, along with others, participated in scores of commercial burglaries throughout Long Island and Queens.  Government witnesses have detailed how from the late 1980s through the mid-1990s Tarantino participated in assaults and violent bar fights on an almost weekly basis.  Tarantino has been seen throwing a man through a second-floor plate glass window at a club on the east end of Long Island.  Tarantino has been witnessed fighting with police officers while standing on the top of a police cruiser.  The Court also heard testimony at trial from one of the defendant's former confederates about how Tarantino participated in the violent home invasion robbery of a drug dealer in Queens, New York, between 1993 and 1994.

Moreover, in addition to killing two potential government witnesses, Tarantino is on record as having threatened the life of at least two other individuals – James Contacessa, who testified before this Court in April 2011, during the first <u>Tarantino</u> trial, and his own brother Steven Tarantino, who, according to Scott Mulligan, Tarantino plotted to kill in approximately 2007, after Tarantino discovered Steven had spoken to FBI Special Agent Robert Schelhorn in connection with this case.

In light of all of this evidence, the defendant is truly deserving of life imprisonment.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /s/_____
Sean C. Flynn
Carrie N. Capwell
James M. Miskiewicz
Assistant U.S. Attorneys
(631) 715-7000

cc:  Counsel of Record (By ECF)