```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM & ORDER
          -against-                     08-CR-0655(JS)

CHRISTIAN GEROLD TARANTINO,

                    Defendant.
----------------------------------X
APPEARANCES
For the Government: Carrie N. Capwell, Esq.
                    James M. Miskiewicz, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, NY 11722

For Defendant:      Todd Scher, Esq.
                    Law Office of Todd G. Scher
                    398 E. Dania Beach Blvd. #300
                    Dania Beach, FL 33004
```

SEYBERT, District Judge:

Currently pending before the Court is defendant Christian Gerold Tarantino's ("Defendant") September 18, 2013 request, filed as a "Designation of Record on Appeal." (Docket Entry 463.) That document seeks a mandatory settlement and approval of attached statements regarding jury selection in Defendant's two trials before this Court ("Tarantino I" and "Tarantino II") pursuant to Federal Rule of Appellate Procedure 10(c). For the following reasons, Defendant's request is DENIED.

After his initial request, Defendant renewed his application on December 2, 2013. (Docket Entry 477.) The Government replied on December 5, 2013 opposing an order that would concede the accuracy of certain claims that, in the Government's view, are controverted by the record and contesting Defendant's

claim that there are unrecorded "voir dire" proceedings in both Tarantino I and Tarantino II for which Defendant was not present and his presence was not waived. (Docket Entry 478.)

Defense counsel filed a reply on December 10, 2013 asserting that since the Government did not timely object to Defendant's request, this Court should direct Magistrate Judge A. Kathleen Tomlinson and Magistrate Judge E. Thomas Boyle to reconstruct the record regarding the March 2011 jury selection and direct Magistrate Judge Arlene R. Lindsay to reconstruct the record regarding the April 2012 jury selection. Essentially, Defendant asserts that the Magistrate Judges conducted off-the-record voir dire proceedings without Defendant being present or waiving his presence in violation of Federal Rule of Criminal Procedure 43.[1] Defendant's assertions, however, are meritless and are not supported by the record or the recollection of the Government's counsel, court clerks, and judges. Nor has Defendant submitted any evidence that prior defense counsel who were present during these proceedings have the same recollection that Defendant now proffers.

Defendant cites to a transcript from March 17, 2011 wherein this Court conducted a phone conference without Defendant but with both defense counsel to review the questionnaires of

---

[1] Attached as Exhibit A hereto is a copy of the jury questionnaire for the March 2011 jury selection. Attached as Exhibit B is a copy of the jury questionnaire for the April 2012 jury selection.

2

prospective jurors which were completed on the first day of their arrival. This conference pertained to which persons would be called back for voir dire. (See 3/17/11 Tr. at 57-58.) After going through the completed questionnaires to determine if anyone should not be called back, the Court indicated that if determinations could not be made before the court reporter retired for the evening, Judge Tomlinson would address outstanding issues on a later date. (See 3/17/11 Tr. at 57-58.) On March 21, 2011, Judge Tomlinson completed the process and counsel agreed upon prospective jurors. (See 3/21/11 Tr. at 46-47.) Questionnaires from those prospective jurors were sent to the Clerk's Office, which then contacted and summoned the jurors for an actual voir dire.

The actual impanelment of the jury for voir dire was conducted by this Court with defense counsel and the Assistant U.S. Attorney on March 22nd and 23rd in the presence of Defendant. The prospective jury of twelve jurors and six alternates were not sworn as a jury and were advised to return on March 28, 2011. On March 28, 2011 before the jurors were sworn, the Court was advised that four jurors were seeking to be excused. After a complete additional voir dire of those jurors seeking to be excused, the Court dismissed them. (See 3/28/11 Tr. at 406-13.)

This Court's procedure on written questionnaires for an anonymous jury is to have the Clerk's Office send summonses to

several hundred potential jurors to come to the courthouse to fill out the questionnaire. Potential jurors return only if requested. The attorneys for the Government and Defendant are given copies of the completed questionnaires and advised to review the responses, to discuss the questionnaires with each other, and to agree on potential jurors who should be called back to the courthouse for jury selection. The Court then meets with counsel to see if any person who completed the questionnaire should not be called. Those jurors that did not have language issues, a physical or mental impairment, a stated bias in their responses, or for whom the Court does not initially find a basis for a potential "for cause" challenge are summoned for jury selection to be conducted in Defendant's presence.

This is exactly what occurred prior to March 22 and 23, 2011. Again, on March 28, 2011 voir dire continued in Defendant's presence since four persons who had been selected as jurors indicated that they could not sit. (See 3/28/11 Tr. at 406-17.) The additional prospective jurors on March 28, 2011 did not use a questionnaire and they were sent from Magistrate Judge Boyle's prospective pool of jurors. (See 3/28/11 Tr. at 412-14 (Court's request that the Courtroom Deputy inquire as to how many jurors were available).)

Internal Court documents reflect that there were an additional twenty-five jurors called to the Courtroom for voir dire

and that four alternate jurors were selected again in the presence of Defendant. For example, on March 28th, eighteen jurors were struck for cause, three peremptory challenges were exercised, and the Government waived a peremptory challenge. (See 3/28/11 Tr. at 417-517.)

Over the 100 pages of voir dire, the Court used similar essential questions which were contained in the Questionnaire without objection by the Government or Defendant. Finally, there is absolutely no indication that Judge Boyle was involved at all in the actual jury selection or did anything more than advise the prospective jurors to report to Central Jury or to the undersigned's courtroom.

The jury selection in Tarantino II was done entirely by Magistrate Judge Arlene R. Lindsay on the record. The initial review of the questionnaires was conducted on the record by Judge Lindsay on April 10, 2012 and it reflected that the parties presented Judge Lindsay with a combined list of persons who should be excused for cause and that they had received a random generated list of potential jurors who completed the questionnaires. Records from Judge Lindsay's Courtroom Deputy, Robert Imrie, regarding April 9, 2012 reveal that counsel for the Government and for Defendant submitted a for cause list and the Clerk's Office generated a random list of potential jurors. Judge Lindsay was available for any issues that would arise from counsel but the

record demonstrates that no such conference was requested or held on April 9, 2012.

Based upon the Court's review, Defendant's request to supplement the record is DENIED as being unsupported by existing records or the recollection of the judges, court personnel, or any of the individuals who were present.

While a defendant has a right to be present at jury impanelment, see FED. R. CRIM. P. 43(a)(2), no such impanelment was commenced by having jurors complete questionnaires or deciding whether such potential jurors should return to Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   13  , 2014
       Central Islip, New York

6