

U.S. Department of Justice

United States Attorney
Eastern District of New York

CNR
F. #2019V02311

*610 Federal Plaza*
*Central Islip, New York 11722*

January 29, 2021

<u>By ECF with Courtesy Copy by Interoffice Mail</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: United States v. Christian Gerold Tarantino
      <u>Criminal Docket No. 08-655 (JS)</u>

      Christian Gerold Tarantino v. United States
      <u>Civil Docket No. 16-3770 (JS)</u>

Dear Judge Seybert:

    The government respectfully submits this letter brief in opposition to Christian Gerold Tarantino's (the "petitioner") motion for discovery, dated September 14, 2020, in connection with his pending habeas motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his convictions. In perhaps tacit recognition that the petitioner's pending habeas motion will ultimately fail on all purported bases, the petitioner now seeks purportedly "limited discovery" pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts" in order to attempt to bolster his fatally weak claims. For the reasons stated below and in conjunction with the arguments advanced in the government's opposition to the petitioner's habeas motion (<u>see</u> Crim. Dkt. Entry No. 513), the petitioner's motion for discovery is without merit and the Court should deny all relief.

    As this Court is well aware, a habeas petitioner is not entitled to discovery as a matter of course; rather the Court will only allow discovery in its discretion where a petitioner can overcome the burden of showing "good cause." <u>See</u> <u>McFadden v, Cuomo</u>, 15-CV-119 (JS), 2015 WL 5821626, at *3 (E.D.N.Y. Sept. 30, 2015). In order to show good cause, the petitioner must present specific allegations that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." <u>Bracy v. Gramley</u>, 520 U.S. 899, 909-09 (1997). The petitioner's burden in establishing a right to discovery is a heavy one and the Court may deny such a request where the petitioner provides no specific evidence that the requested discovery would

support his habeas petition.  See Pizzuti v. United States, 809 F. Supp.2d 164, 176 (S.D.N.Y. 2011).  "Generalized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite 'good cause.'" Id.  "Moreover, Rule 6 does not license a petitioner to engage in a fishing expedition by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." McFadden, 2015 WL 5821626, at *3 (internal quotations omitted).

Here, the petitioner's purportedly "limited" discovery requests, including document requests, requests for admissions, request to examine original evidence, and interrogatories to not only fact witnesses and prior counsel, but also the lead prosecutor and Your Honor, effectively seek to (a) reexamine the government's Rule 16 disclosures, 3500 materials and Brady and Giglio disclosures in toto, (b) relitigate legal and factual issues resolved at pretrial hearings, at trial on in post-trial motion practice, (c) advance arguments not previously addressed on appeal, and (d) obtain discovery from not only the prosecution, but also the Court, on nothing more than mere speculation of purported impropriety.  Such a fishing expedition is unwarranted and the Court should reject each request.

With respect to the discovery requests relating to the petitioner's jurisdictional challenge to the conviction on Count 1, nothing requested by the petitioner will effectively contradict the evidence presented by a fact witness at trial whose testimony clearly established the minimal interstate nexus required to support the conviction.  As indicated in the government's opposition to the petitioner's habeas motion, the late Frank Fede's testimony established that his armored car company operated in interstate commerce and serviced the Port of Newark in New Jersey.  In this motion, the petitioner's request seeks, among other things, documents from the government and from Fede's known heir regarding business transactions "on or about June 23, 1994" that attempt to contradict Fede's affirmation that his business was engaged in interstate commerce.  However, in the petitioner's reply to the government's opposition to the habeas motion, filed on February 14, 2020,[1] the defendant already attaches documents that the petitioner already claim to undermine the evidence the jury properly relied on to establish the petitioner's guilt.  See Crim. Dkt. Entry No. 516, at 31-39.  Seeking to obtain additional evidence that does not undermine the witness's trial testimony is not "good cause" to reopen discovery on this issue.

With respect to the requests for discovery relating to the purported undisclosed benefactor conflict, the petitioner admits in his reply submission that he was fully aware that his first trial attorney was paid for in part by Scott Mulligan, but that he "never thought of the unique and serious problems with Scott Mulligan paying half my legal fee to Froccaro and

---

[1] In footnote 2 to the petitioner's reply submission, the petitioner claims that there was "enough 'good cause' to allow discovery under Rule 6 of the Rules governing §2255 proceedings as to this issue."  Despite making such a claim, the petitioner did not move for such relief for an additional seven months and has provided no explanation as to the basis for the delay.

being a suspect in the same case and simultaneously being represented by Froccaro." See Dkt. Entry 516 at 23 (¶25). Attempting to excuse this obvious fatal flaw in his undisclosed benefactor claim, the petitioner then claims that "I could not be expected to understand the benefactor conflict of interest or to think like an attorney. I am not a lawyer and I relied on my attorney and the Court to protect my rights." Id. (¶32). As the government pointed out in its opposition to the petitioner's habeas motion, the petitioner was afforded Curcio counsel prior to the start of the first trial and would have been fully aware of his right to conflict-free counsel. Furthermore, the petitioner further admits that, at his request, Eliza Stahl, Esq. was a member of the defense team prior to the first trial and was fully aware of the purportedly undisclosed benefactor conflict. See Dkt. Entry 505-1, at 1 (¶¶ 2-3). The government respectfully submits that any discovery on this issue is clearly without "good cause" and should be denied.

      With respect to the discovery requests relating to the petitioner's purported exclusion from pre-trial screening of the jury questionnaires, the petitioner's argument on this point in his habeas motion fails as he cannot show that he was prejudiced by any purported failure of Froccaro to review the jury questionnaires with him. As the government stated in its habeas opposition, given the overwhelming evidence of the petitioner's guilt, there is no reasonable probability that but for Froccaro's alleged ineffective assistance of counsel on this issue, that the petitioner would not have been convicted at trial. Hence, any discovery on this issue is without "good cause" and the Court should deny the motion for discovery on this issue.

      With respect to the discovery requests relating to the petitioner's claim of ineffective assistance of counsel claims due to not arguing for an "accessory-after-the fact" defense, the petitioner's request for discovery is based on nothing more than mere speculation that the government may have withheld alleged Brady material regarding the Pistones. The petitioner does not allege any fact that would support the idea that the government failed to disclose required materials in advance of trial. Furthermore, on the same theory of defense claim, the petitioner further requests that the government once again allow the defendant to obtain the previously disclosed (and heavily litigated) Gargiulo tape to allow it to be presented to yet another expert for analysis. The government respectfully submits that the admissible evidence from the tape was properly disclosed, heavily litigated pre-trial, addressed at two separate trials and litigated on appeal. There is no cause, let alone "good cause," to grant the petitioner's motion on this point.

      With respect to the discovery requests seeking evidence claiming to validate the petitioner's claim that the Court should have been recused, the petitioner cannot carry his burden on this claim.[2] Far from showing "good cause" to seek documents purporting to call

---

[2] As an initial matter, in what appears to be a ministerial error, the petitioner "submits that first trial counsel ineffectively failed to seek recusal of the retrial court based on inferable bias stemming from [the Court] impermissibly allowing a government witness to waive grand jury indictment." Dkt. Entry 518, at 12 (emphasis added). This obviously makes no sense as Frocarro would not be in a position to seek the Court's recusal after his

3

into question the propriety of the government and the Court's actions on this issue, the petitioner's claim necessarily fails where the Court already held that "[t]here is nothing erroneous about the Government's indictment of Mulligan, and that this Court presided over [the petitioner's] criminal trial in which Mulligan testified against [the petitioner] does not objectively raise any doubt that justice would be done absent recusal." Dkt. Entry 413, at 5. Hence, any discovery on this issue is unwarranted and the motion should be denied.

        For all of the foregoing reasons, the petitioner's discovery motion is without merit and the government respectfully submits that the motion should be denied.

        Respectfully submitted,

        SETH D. DuCHARME
        Acting United States Attorney

By:   /s/ Charles N. Rose
        Charles N. Rose
        Assistant U.S. Attorney
        (631) 715-7844

Cc:    Todd Scher, Esq. (by ECF)

---

representation of the petitioner had concluded. The heading of the section of the motion refers to the purported failure of "retrial counsel." As discussed further, there was no basis for recusal and the request for discovery on the point fails regardless of what attorney the petitioner claims provided ineffective assistance.